# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-00194 JJF |
| v. ) | |
| ) | |
| SUSSEX TECHNICAL SCHOOL DISTRICT, ) | TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT ) | DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- ) | |
| CULOTTA, individually, and in her official ) | **E-FILE** |
| capacity, and STEVEN HUBER, individually, and ) | |
| in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

WHITE AND WILLIAMS, LLP
JOHN D. BALAGUER
Bar ID. # 2537
WILLIAM L. DOERLER
Bar ID. # 3627
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4508
Attorneys for Defendants

Date: 8/15/05

**ARGUMENT**

I.  **THE ALLEGATIONS OF THE COMPLAINT FAIL TO STATE A RETALIATION CLAIM UNDER THE REHABILITATION ACT**

Plaintiff contends that she sufficiently alleges in the Complaint that she engaged in protected activity to survive a motion to dismiss. The main problem with Plaintiff's analysis is that she fails to acknowledge that the Complaint in this case includes the voluminous exhibits that she attached to the Complaint. The allegations of her Complaint, therefore, include the exhibits attached. These exhibits clearly establish that the allegations in the Complaint <u>do not state a claim of retaliation</u>.

An employee bringing a retaliation claim under the Rehabilitation Act (RA), 29 U.S.C. § 794(d), must show: 1) that she engaged in a protected activity; 2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and 3) a causal connection between the employee's protected activity and the employer's adverse action.[1]

Plaintiff contends that she engaged in "protected activity" when she sent Mr. Huber a memorandum on October 22, 2001. As an initial matter, any assertions based upon this memo are barred by the statute of limitations as the Complaint in this matter was filed more than two years beyond the date of the letter.[2] Moreover, there is no identification of adverse action taken within the statute of limitations period related to this letter.

---

[1] *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997), *cert. denied*, 118 S.Ct. 299 (1997)).

Where a plaintiff contends that an employer's proffered reasons for adverse action are pretextual, the McDonnell Douglas burden-shifting analysis applies. *See Woodson*, 109 F.3d at 920 n.2 (explaining the burden shifting analysis in a retaliation case); *Krouse*, 126 F.3d at 500 (following the burden shifting analysis in analyzing a retaliation claim).

[2] Courts addressing claims brought under 42 U.S.C. § 1983 should apply the applicable state's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985). In Delaware, all personal injury suits have a two

Even if the "complaints" in the memo were otherwise actionable, it is clear that this memorandum provides "some ideas for [Mr. Huber's] review" regarding streamlining testing procedures, responds to a question asked by Mr. Huber, and suggests topics to be addressed at faculty meetings. It is manifest on the face of this memo that Plaintiff was not complaining about violations of law in opposition to Defendants. Rather, she was doing her job, responding to questions and suggesting better internal operating procedures. Even drawing all inferences in Plaintiff's favor, [3] no jury could conclude that this memorandum reflects a good faith, reasonable belief that Plaintiff was attempting to correct violations of the IDEA *in opposition* to Defendants.

Plaintiff appears to contend that certain exhibits, 1 and 3, suggest that parents were not being properly notified regarding meetings. The deficiencies with exhibit 1 are noted in the preceding paragraph. With respect to exhibit 3, it is clear that the parent's alluded to in the memorandum waived any potential errors with respect to notice. Moreover, the remainder of exhibit 3 speaks in terms of potential violations. It does not allege any actual violations of the IDEA as it does not identify any parent that has been deprived of the opportunity to meaningfully participate in their child's IEP plan, nor does it identify any students who have been deprived of educational benefits. No jury could conclude, therefore, that Plaintiff had a good faith belief that these parents were deprived of the opportunity to participate in a meaningful way in their child's IEP plan. [4]

---

year statute of limitations. *Ayres v. Jacobs & Crumplar, P.A.*, 1996 WL 769331 at *4 (Del. Super. Ct.) (Exh. A).

[3] *See* Op. Brf., § I (stating the standard for granting a motion to dismiss).

[4] *See C.M. v. Board of Education of the Union County Regional High School Dist.*, 2005 WL 899927 at *2 (3d Cir.) (Exh. B) (stating that in order to state a claim under the IDEA, plaintiffs must allege an actionable injury). With respect to procedural violations, actionable injuries are those that result in the loss of an educational opportunity or seriously infringe on a parent's right

Plaintiff relies on *Sweet*[5] for the proposition that her reports of "potential" violations qualify as protected activity. *Sweet* is distinguishable from this case because the plaintiff in *Sweet* complained about a particular, identifiable, student. To the extent that *Sweet* is not distinguishable on that basis, it is distinguishable because, although it is not explicitly addressed, the decision implies that the plaintiff's complaints were based on a good faith belief that the defendant's actions would result in the deprivation of an educational benefit to the particular student at issue, or that the student's parents were being denied a meaningful opportunity to participate in the IEP process. The same cannot be implied with respect to Plaintiff's complaint.

In Section I(B) of the Answering Brief Plaintiff attempts to establish that Defendants were aware of Plaintiff's activity. The issue here is not whether Defendants were aware of the activity, but whether the activity at issue was "protected activity." For the reasons set forth in the Opening Brief, and above, none of Plaintiff's activity was "protected activity."

With respect to Exhibit 2, Plaintiff correctly notes that the memorandum addresses a problem that Ms. Houlihan was having with a particular teacher. The memorandum also suggests that the teacher's refusal to cooperate "may" have repercussions regarding compliance and "could result in legal repercussions in the event of a due process action." Fatal to Plaintiff's position, however, is the failure to allege that these issues resulted in non-compliance or a due process hearing. In addition, Plaintiff failed to identify a single student who was deprived of an educational benefit, or a parent who was deprived of the opportunity to meaningfully participate

---

to participate in the IEP formulation process. *Id.* Technical or procedural violations which do not cause a substantive deprivation of educational benefits are not actionable. *Id.* Plaintiffs cannot meet their burden of establishing harm caused by claimed procedural shortcomings by making bare allegations of a deprivation. *Id.* Where extensive parental involvement is evident, claims based upon deprivation of an opportunity to participate in particular isolated decisions are rendered insignificant. *Id.* at *3.

[5] *Sweet v. Tigard-Tualatin Sch. Dist.*, 2005 WL 19531 (9th Cir.) (Exh. C).

in their child's IEP proceeding. Moreover, the substance of this memorandum is that Plaintiff was having trouble getting cooperation from one particular teacher with respect to filling out forms and she is asking defendant Huber to intervene on her behalf. Conclusory allegations of "potential" deprivations are not actionable and no jury could find that Plaintiff had a good faith belief that they were. Civil rights lawsuits cannot be transformed into a forum for everyday workplace personnel disputes.[6]

## II. PLAINTIFF DID NOT SUFFER ADVERSE ACTION IN RESPONSE TO PROTECTED ACTIVITY

Plaintiff contends that the Complaint establishes a "pattern of antagonism." This allegation, however, is insufficient as a matter of law to support a finding of adverse action. Plaintiff's argument confuses evidence of retaliatory animus, which may be helpful in establishing a causal link, with adverse employment action.[7] Plaintiff acknowledges that the individual reprimands do not constitute adverse employment action.[8] Fatal to Plaintiff's complaint is any identification of adverse employment action taken in response to protected activity.

Plaintiff contends that the Complaint alleges adverse employment action because it alleges that she was fired shortly after she spoke with Charles Mitchell, a Board member. According to Plaintiff, the temporal proximity of her dismissal to her complaining establishes

---

[6] *Gray v. New York Newspapers, Inc.,* 957 F.2d 1070, 1083 (3d Cir. 1992).

[7] *See Krouse v. American Sterilizer Co.,* 126 F.3d 494, 503-04 (3d Cir. 1997) (stating that when temporal proximity is missing, courts may look to the intervening period between the protected activity and the allegedly retaliatory conduct for other evidence of retaliatory animus); *Schatzman v. Martin Newark Dealership, Inc.*, 158 F.Supp.2d 392, 403 (D. Del. 2001) (discussing a Title VII case and stating that "[i]n addition to timing, evidence of 'intervening antagonism or retaliatory animus,' or other circumstantial evidence can also allow for an inference of causation").

[8] Ans. Brf. at 14-15 (arguing that "[w]hile each reprimand and evaluation may not be singularly an adverse employment action, the collection of such establishes a pattern of antagonism . . .").

-5-

both a causal connection and adverse employment action.  The issues about which she allegedly complained to Mr. Mitchell, however, have been established to be nothing more than complaints about inter-office procedures.  She fails set forth any complaints to Mr. Mitchell from which a jury can infer that a child has been deprived of an educational opportunity or a parent has been deprived of the opportunity to meaningfully participate in his or her child's IEP plan.  Plaintiff's "complaints" to Mr. Mitchell, therefore, cannot be deemed to be protected activity.

The reprimands referred to, moreover, do not represent adverse employment action as these reprimands did not affect the terms or conditions of Plaintiff's employment.[9]  A written reprimand, by itself, does not constitute adverse employment action.  To qualify as an adverse employment action in a retaliation case, the reprimand must affect the terms and conditions of the plaintiff's employment.[10]  The letters identified do not constitute adverse employment action.

III.  **PLAINTIFF'S EVIDENCE FAILS TO ESTABLISH A CAUSAL CONNECTION**

Plaintiff contends that the allegations in the Complaint and her exhibits establish a causal connection between her protected activity and her ultimate termination.  According to Plaintiff, a jury could conclude that there was a causal connection based on the temporal proximity between the last reprimand letter and her termination, as well as the pattern of antagonism.  Plaintiff's argument fails because she failed to identify any protected activity.  No reasonable jury could conclude otherwise.

Moreover, Plaintiff's Complaint and exhibits fail to set forth a "pattern of antagonism." Rather, Plaintiff's complaint and exhibits establish, for the most part, a plethora of routine

---

[9] *See Burlington Indust., Inc. v. Ellerth*, 118 S.Ct. 2257, 2268 (1998) (stating that adverse employment action is conduct which "constitutes a *significant* change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.") (emphasis added).

[10] *Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001).

-6-

internal correspondence from a school psychologist to her superiors. It was Plaintiff's job to make suggestions with respect to improving the way things were done and her doing so does not make these suggestions actionable. With respect to the last series of letters, these letters, which Plaintiff has included as part of her Complaint, establish that Plaintiff was inexcusably insubordinate to her superiors. That is why she was fired.

Even if Plaintiff's evidence otherwise establishes a temporal proximity or a pattern of antagonism, Plaintiff has included evidence in her Complaint which establishes a legitimate, nondiscriminatory reason for her termination. Even if Plaintiff's Complaint sets forth a *prima facie* case, it also sets forth a legitimate reason for Plaintiff's termination. Thus, to survive a motion to dismiss, Plaintiff must set forth sufficient allegations in the Complaint from which a jury can conclude that the legitimate reasons identified for her termination in the Complaint are merely pretextual.[11] There is no basis in the Complaint for a jury to conclude that Plaintiff's termination was the result of anything other than insubordination. Plaintiff's Complaint, therefore, fails to state a claim upon which relief may be granted.

IV. **PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Plaintiff contends that the speech she engaged in was "protected" because it involved a matter of public concern. Plaintiff's argument fails, however, because it is clear from the Complaint and its exhibits that any comments she was making were in her capacity as the school

---

[11] *See Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000) (discussing the *McDonnel Douglass* burden shifting analysis used in retaliation cases). Pursuant to the burden shifting analysis, where a legitimate, non-discriminatory reason has been provided, the plaintiff must come forward with evidence establishing that the given reason was pretextual. *Id.*

-7-

psychologist. She was not making these statements in her capacity as a private citizen.[12] Her speech, therefore, was not protected speech. Plaintiff's comments with regard to potential noncompliance with the IDEA and parental due process rights are simply a red herring. The speech was not made in her capacity as a private citizen and, therefore, was not protected speech. Even if the speech was otherwise protected, it is clear from Plaintiff's Complaint, including her exhibits, that the speech was disruptive and that she directly challenged the competency of her superiors.[13] The only reasonable inference to be drawn from the exhibits and allegations in Plaintiff's Complaint is that the balance of the interests weighs in favor of Defendants.[14] As such, her speech was not protected.

Even if the speech was otherwise protected, it is clear that Plaintiff's communications with her superiors, particularly just prior to her termination, were disruptive and disrespectful. Any mistake on the part of her superiors with respect to Plaintiff's free speech rights, therefore, was within the "'hazy border'" between lawful and unlawful conduct.[15] Defendants Huber and Walls-Culotta, therefore, are entitled to qualified immunity based upon the facts alleged in the Complaint.[16]

---

[12] *See Morris v. Crow*, 142 F.3d 1379, 1382 (11th Cir. 1988) (stating that in order to qualify for first amendment protection, the speech at issue must be made primarily in the employee's role as a citizen, as opposed to her role as an employee).

[13] *See* Op. Brf. IV(C).

[14] *Id.*

[15] *See Sweet*, 2005 WL 19531 at *3 (citing *Saucier v. Katz*, 533 U.S. 201, 206 (2001)). Public employee defendants are entitled to qualified immunity unless 1) they violated Plaintiff's clearly established First Amendment rights; and 2) their mistake regarding those rights was not reasonable. *Sweet*, 2005 WL 19531 at *2 (citing *Saucier*, 533 U.S. at 205).

[16] *Id.*

V.  **DEFENDANT'S COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT HUBER**

Plaintiff contends that Defendant Huber was an "active participant" in the wrongs committed against Plaintiff.  Although Defendant Huber may have communicated with Plaintiff, there is no allegation in the Complaint that Defendant Huber took any adverse employment action against Plaintiff in retaliation for Plaintiff's having engaged in protected speech.  Mr. Huber was not Plaintiff's supervisor at the time of her dismissal[17] and Plaintiff has identified no adverse employment action, in the Complaint or otherwise, taken against Plaintiff by Mr. Huber.  Plaintiff's Complaint fails to state a claim with respect to Mr. Huber.

VI.  **TO THE EXTENT THAT THE COURT CONCLUDES THAT PLAINTIFF HAS OTHERWISE STATED A CLAIM, DEFENDANTS ARE ENTITLED TO A MORE DEFINITE STATEMENT**

To the extent that the Court concludes that Plaintiff has otherwise stated a claim, Defendants are entitled to a more definite statement.[18]  The Federal Rules of Civil Procedure state that pleadings are to be concise and direct.[19]  The Complaint should provide a "short and plain" statement of the claim, which shows that Plaintiff is entitled to relief.[20]  Plaintiff's Complaint is neither short, plain, concise nor direct.  Rather, it contains a rambling sequence of conclusory allegations, supported by numerous memorandum and letters, none of which show that Plaintiff is entitled to relief.

---

[17] *See* Complt. ¶ 12 (indicating that Ms. Walls-Culotta became Plaintiff's supervisor around March of 2003).

[18] In the Opening Brief, Defendants argued that a heightened pleading standard applied to § 1983 civil rights actions.  It appears, however, that the case relied upon by Defendants, *Bartholomew v. Fischl*, 782 F.2d 1148, 1153 (3d Cir. 1986) was overruled, *sub silentio*, in *Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).

[19] F.R.C.P. 8(e).

[20] F.R.C.P. 8(a).

Rule 12(e) provides that where a pleading is so vague or ambiguous a party cannot reasonably be required to frame a responsive pleading, that party may move for a more definite statement.[21] Plaintiff's Complaint asserts that she made protected statements regarding alleged violations of the IDEA over a period of time spanning several years. She fails to identify any violations, requiring Defendants to speculate with respect to the nature of the statements and how the IDEA was violated. In addition, Plaintiff's Complaint fails to identify any individuals who were deprived of an educational opportunity, or who were not permitted to meaningfully participate in their child's IEP Plan. This failure will also require Defendants to speculate when answering the Complaint. The Court, therefore, should require the Plaintiff to provide a more definite statement.

VII. **CONCLUSION**

Based upon the foregoing, it is clear that Plaintiff's Complaint, which includes her exhibits, fails to state claim upon which relief may be granted. Plaintiff's Complaint fails to identify protected activity, or adverse action causally related to that activity. The Court,

---

[21] F.R.C.P. 12(e).

DOCS_DE 114593v1

-11-

therefore, should dismiss Plaintiff's Complaint. Alternatively, the Court should require Plaintiff to provide a more definite statement.

          Respectfully submitted,

          WHITE AND WILLIAMS, LLP


          ___/s/ William L. Doerler
          JOHN D. BALAGUER
          Bar ID. # 2537
          WILLIAM L. DOERLER
          Bar ID. # 3627
          P.O. Box 709
          Wilmington, DE 19899-0709
          302-467-4508
          Attorney for Defendants

Date: 8/15/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.  05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) **E-FILE** |
| capacity, and STEVEN HUBER, individually, and | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, William L. Doerler, do hereby certify that on this 15th day of August, 2005, **Defendants' Reply Brief in Support of Their Motion to Dismiss or, In the Alternative, Motion for A Motion for a More Definite Statement** was served upon the following via electronic filing and/or regular mail:

Brian F. Dolan, Esquire
Stumpf, Vickers & Sandy, P.A.
8 West Market Street
Georgetown, DE  19947
*Attorney for Plaintiff*

                                           **WHITE and WILLIAMS  LLP**

                                           /s/ William L. Doerler
                                         WILLIAM L. DOERLER (Bar I.D. 3627)
                                         824 North Market Street, Suite 902
                                         P.O. Box 709
                                         Wilmington, DE  19899-0709
                                         (302) 467-4501
                                         *Attorney for Defendants*