IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity, and STEVEN HUBER, individually, and | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR A STAY PENDING A DECISION BY
THE UNITED STATES SUPREME COURT IN *GARCETTI V. CEBALLOS***

1.      On or about April 5, 2004, the Sussex Technical School district Board of Education ("the Board") voted not to renew Plaintiff's contract as a school psychologist for the School District. On April 5, 2005, Plaintiff filed a 42 U.S.C. § 1983 lawsuit against Defendants. Plaintiff's Complaint alleges that Defendants violated the Rehabilitation Act (RA), 29 U.S.C. § 794(d), when they retaliated against her by not renewing her contract. She also alleges that her non-renewal violated the rights guaranteed to her by the First Amendment of the United States Constitution, and that her non-renewal was wrongful, in violation of public policy.

2.      In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss on June 6, 2005.[1] Defendants' Brief in Support of their Motion to Dismiss argues, *inter alia*, that Plaintiff's RA claims fail because she does not allege an actionable injury under the Individuals with Disabilities Education Act (IDEA), and the incidents she refers to do not

---

[1] Dkt. 6 ; Exh. A (Def. Op. Brf. for Motion to Dismiss, without exhibits).

identify protected activity.[2] The Brief also argues that Plaintiff's First Amendment claims fail because her speech did not involve a matter of public concern as the identified speech addressed internal matters, made in her capacity as the school psychologist, and not as a private citizen.[3]

3. On February 28, 2005, the United States Supreme Court granted a Petition for Writ of Certiorari in the case of *Garcetti v. Ceballos*.[4] The issue to be decided in the *Garcetti* appeal is:

> Should a public employee's purely job-relate a speech, expressed strictly pursuant to the duties of employment, be cloaked with First Amendment protection simply because it touches on a matter of public concern, or should First Amendment protection also require the speech to be engaged in "as a citizen," in accordance with [the Supreme Court's] holdings in *Pickering v. Board of Education*, 391 U.S. 563 (1968) and *Connick v. Myers*, 461 U.S. 138 (1983)?[5]

4. If the Court in *Garcetti* holds, as Defendants argue, that speech made by a public employee in her capacity as a public employee, and not in her capacity as a citizen, Plaintiffs' First Amendment claims will fail. Defendants, therefore, ask that this Court stay this case until after the Supreme Court has issued its decision in the *Garcetti* case. Issuing a stay will promote judicial economy by eliminating the possibility of this Court's issuing a decision inconsistent with the Supreme Court's decision in *Garcetti*, and will streamline the progression of the case by narrowing or clarifying the issues involved.

5. After learning that the Petition for a Writ of Certiorari had been granted in the *Garcetti* case, Defendants' counsel wrote to Plaintiffs' counsel asking for his position

---

[2] *See* Exh. A (Def. Op. Brf. for Motion to Dismiss, § III(B)).

[3] *Id.* (Def. Op. Brf. for Motion to Dismiss, § IV(A)).

[4] 125 S.Ct. 1395 (Mem.) (Exh. B).

[5] *Garcetti v. Ceballos*, 2004 WL 2260964 (U.S.) (Exh. C). The Ninth Circuit's decision on the issue is attached hereto as Exhibit D.

regarding jointly requesting a stay of the case *sub judice*.[6] Plaintiff's counsel indicated that he would not join in a request for a stay and would, in fact, object if Defendants filed a motion.[7] Although acknowledging that *Garcetti* could be dispositive of Plaintiffs' First Amendment claims, Plaintiff suggests that her First Amendment claims are "collateral" to her RA claims and, therefore, the case should not be stayed.

6. Plaintiff's position assumes that her RA claims will survive the motion to dismiss. This assumption, however, is unwarranted. Moreover, it suggests that the Court should decide all of the issues in the Motion to Dismiss, including the First Amendment arguments, even though doing so may ultimately be unnecessary. Plaintiff's position does not encourage judicial economy, or the efficient administration of justice. The Court, therefore, should order a stay of this case to allow the Supreme Court to decide the *Garcetti* case, which may dispose of Plaintiff's First Amendment claims.

Respectfully submitted,

WHITE AND WILLIAMS LLP

/s/ *signature*
JOHN D. BALAGUER (#2537)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Attorneys for Defendants

Date: 11-3-05

---

[6] Exh. E (Oct. 12, 2005 e-mail).

[7] Exh. F (Oct. 18, 2005 letter).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.  05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity, and STEVEN HUBER, individually, and | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

WHEREAS this _____ day of _____, having considered Defendants' Motion for a Stay Pending a Decision by The United States Supreme Court in *Garcetti v. Ceballos*, and Plaintiff's Response thereto, it is hereby ordered that Defendants' motion is **GRANTED**.  Issuing a stay in this case will promote judicial economy and the efficient administration of justice.  This matter, therefore, shall be stayed until after the United States Supreme Court issues its decision in the pending appeal in *Garcetti v. Ceballos*, 2004 WL 2260964 (U.S.).

IT IS SO ORDERED.

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity, and STEVEN HUBER, individually, and | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, William L. Doerler, Esquire, do hereby certify that on this 3rd day of November, 2005, a copy of the foregoing **DEFENDANTS' MOTION FOR A STAY PENDING A DECISION BY THE UNITED STATES SUPREME COURT IN *GARCETTI V. CEBALLOS*** were served upon the following via electronic filing and/or regular mail:

Brian F. Dolan, Esquire
Stumpf, Vickers & Sandy, P.A.
8 West Market Street
Georgetown, DE 19947
*Attorney for Plaintiff*

WHITE AND WILLIAMS LLP

/s/ William L. Doerler
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Attorneys for Defendants