# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DOROTHY HOULIHAN,                              )
                                               )
            Plaintiffs,                         )
                                               )     C.A. No.  05-00194 JJF
    v.                                          )
                                               )
SUSSEX TECHNICAL SCHOOL DISTRICT,              )     TRIAL BY JURY OF TWELVE
SUSSEX TECHNICAL SCHOOL DISTRICT               )     DEMANDED
BOARD OF EDUCATION, SANDRA WALLS-              )
CULOTTA, individually, and in her official      )
capacity, and STEVE HUBER, individually, and in )
his official capacity,                          )
                                               )
            Defendants.                         )
                                               )
                                               )

### DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

WHITE AND WILLIAMS, LLP
JOHN D. BALAGUER
Bar ID #2537
WILLIAM L. DOERLER
Bar ID. # 3627
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4508

 Attorneys for Defendants Sussex
Technical School District, Sussex
Technical School District Board of
Education, Sandra Walls-Culotta,
and Steve Huber

Date:  June 6, 2005

# TABLE OF CONTENTS

Page

Statement of the Nature and Stage of Proceedings ............................................................. 1

Summary of Argument ...................................................................................................... 2

Statement of Facts ............................................................................................................. 3

Argument .......................................................................................................................... 4

    I.     Standard for Motions to Dismiss ................................................................. 5

    II.    The Individuals with Disabilities Education Act ....................................... 5

    III.   Rehabilitation Act ....................................................................................... 7

         A.    Standard for Evaluating Retaliation Claims Under the
              RA ..................................................................................................... 8

              1.    Although Retaliation Claims are Subject to a
                     Burden Shifting Analysis, the Plaintiff Retains
                     the Ultimate Burden of Proof ............................................. 9

              2.    To Rise to the Level of an Adverse Employment
                     Action, an Employer's Conduct Must Be
                     Serious and Tangible Enough to Alter an
                     Employee's Compensation, Terms, Conditions,
                     or Privileges of Employment .......................................... 11

              3.    Establishing a Casual Link Requires More than
                       the Mere Fact that the Adverse Employment
                     Action Occurred after a Protected Activity .................... 13

         B.    The Allegations in the Complaint Fail to State a
              Retaliation Claim under the RA ................................................... 14

    IV.   First Amendment Retaliation ................................................................... 26

         A.    Public Concern ............................................................................... 27

         B.    Balancing of Interests ................................................................... 28

         C.    The Plaintiff's Statements Were Not Matters of Public
              Concern .......................................................................................... 30

DOCS_DE 110446v1

V.     The Plaintiff's State Law Claim Fails.....................................................32

VI.    The Plaintiff's Complaint Fails in All Respects as to Defendant
       Huber Because the Complaint Does Not Contend That He Was
       Responsible For Her Termination In Any Manner ................................32

VII.   Alternative Motion for a More Definite Statement................................32

Conclusion ........................................................................................................33

Exhibits                                                                          Exhibit #

*C.M. v. Board of Education of the Union County Regional High School
    District* .......................................................................................................A

*Tucker v. Merck & Co., Inc.*.............................................................................B

*Washington v. Delaware* .................................................................................C

## TABLE OF AUTHORITIES

### CASES

Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3d Cir. 1996) .................................10

Arnett v. Kennedy, 416 U.S. 134 (1974) ........................................................................29

Badassare v. New Jersey, 250 F.3d 188 (3d Cir. 2001)...................................26, 27, 28, 29

Bartholomew v. Fischl, 782 F.2d 1148 (3d Cir. 1986) .......................................................32

Bristow v. Daily Press, Inc., 770 F.2d 1251 (4th Cir. 1985) .............................................12

Burlington Indus., Inc. v. Ellerth, 118 S. Ct. 2257 (1998)..................................................11

C.M. v. Board of Education of the Union County Regional High School Dist.,
    2005 WL. 899927 (3d Cir.)....................................................................6, 7, 19, 20, 26

Coale v. St. Dept. of Ed., 162 F. Supp. 2d 316 (D. Del. 2001)............................................6

Colgan v. Fisher Scientific, 935 F.2d 1407 (3d Cir. 1991), cert. denied sub nom,
    Fisher Scientific v. Colgan, 502 U.S. 941 (1991).........................................................12

Connick v.Myers, 461 U.S. 138 (1983) .........................................................27, 28, 29, 30

Crenshaw v. Georgetown University, 23 F. Supp. 2d 11 (D. D.C. 1998), aff'd,
    1194 F.3d 173 (D.C. Cir. 1999)...............................................................................13

Czurlanis v. Albanese, 721 F.2d 98 (3d Cir. 1983) ...........................................................28

Drinkwater v. Union Carbide Corp., 904 F.2d 853 (3d Cir. 1990)....................................10

Foster v. Time Warner Entertainment Co., L.P., 250 F.3d 1189 (8th Cir. 2001)..............10

Gray v. York Newspapers, Inc., 957 F.2d 1070 (3d Cir. 1992)...................................12, 16

Krouse v. American Sterilizer Co., 126 F.3d 494 (3d Cir. 1997).........................9, 13, 14

McDonnell Douglass Corp. v. Green, 411 U.S. 792 (1973)..............................................10

Mondzelewski v. Pathmark Stores, Inc., 162 F.3d 778 (3d Cir. 1998).......................11, 12

Morris v. Crow, 142 F.3d 1379 (11th Cir. 1998)..............................................................27

Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)..........................27

-iii-

Pickering v. Brd. of Ed. of Twp. High Sch. Dist. 205, Will County, Illinois, 391 U.S. 563 (1968)..........................................................................................26, 27, 29

Polk v. Cent Susquehanna Interm. Unit 16, 853 F.2d 171 (3d Cir. 1988), cert. denied sub nom, Central Columbia School Dist. v. Polk, 488 U.S. 1030 (1989)................................................................................................................6

Rappa v. Hollins, 991 F. Supp. 367 (D. Del. 1997)...........................................27

Robinson v. City of Pittsburgh, 120 F.3d 1289 (3d Cir. 1997)....................12, 13

Roseman v.Ind. Univ. of Pennsylvania at Ind., 520 F.2d 1364 (3d Cir. 1975), cert. denied, 424 U.S. 921 (1976)..................................................................28, 29

Sabbrese v. Lowe's Home Centers, Inc., 320 F. Supp. 2d 311 (E.D. Pa. 2004)...............13

Shaner v.Synthes (USA), 204 F.3d 494 (3d Cir. 2000).................................10, 11

Shiring v. Runyon, 90 F.3d 827 (3d Cir. 1996)....................................................7

Shore Regional High School Board of Education v. P.S., 381 F.3d 194 (3d Cir. 2004).........................................................................................................5, 6

Sullivan v. City of Pittsburgh, Pennsylvania, 811 F.2d 171 (3d Cir. 1987), cert. denied sub nom, City of Pittsburgh, Pa v. Sullivan, 484 U.S. 849 (1987) ..................9

Sweet v. Tigard-Tualatin Sch. Dist., 124 Fed.Appx. 482 (9th Cir. 2005)...........8

Swineford v. Snyder County Pennsylvania, 15 F.3d 1258 (3d Cir. 1994) .................28, 29

Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478 (3d Cir.1998).........................................................................................................5

Tucker v. Merck & Co., Inc., 2005 WL. 1176565 (3d Cir.)..............................13

W.B. v. Matula, 67 F.2d 484 (3d Cir. 1995).........................................................8

W.G. v. Brd. of Trustees, 960 F.2d 1479 (9th Cir. 1992)....................................6

Warth v. Seldin, 422 U.S. 490 (1975).................................................................9

Washington v. Delaware, 2003 WL. 21697403 (D. Del.) .................................13

Weber v. Cranston Sch. Committee, 212 F.3d 41 (1st Cir. 2000)......................8

DOCS_DE 110446vTOA

Weston v. Pennsylvania, 251 F.3d 420 (3d Cir. 2001) ................................................12, 17

Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997), *cert. denied*, 118 S.Ct.
    299 (1997)................................................................................................................9, 11,
                                                                                   13, 14

## STATUTES

20 U.S.C. § 1401(8) ................................................................................................................5

20 U.S.C. § 1412(1) ................................................................................................................5

20 U.S.C. § 1414(3) ................................................................................................................6

29 U.S.C. § 794 ....................................................................................................................8, 9

29 U.S.C. § 794a(2) ................................................................................................................9

29 U.S.C. § 794(d) ........................................................................................................1, 4, 8

42 U.S.C. § 12111, et. seq...................................................................................................8

42 U.S.C. § 12203 ................................................................................................................8

42 U.S.C. § 12203(a) ......................................................................................................8, 15

42 U.S.C.A. § 2000d..............................................................................................................9

34 C.F.R. § 100.7(e)..............................................................................................................9

34 C.F.R. § 300.505 ............................................................................................................20

34 C.F.R. § 300.531 ............................................................................................................19

34 C.F.R. § 300.7 ..................................................................................................................6

Del. Code Ann. tit. 14, 3120, et. seq...................................................................................6

## OTHER AUTHORITIES

Del. Dept. of Ed. Reg. 925, § 3.1 .....................................................................................20

DOCS_DE 110446vTOA

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The plaintiff filed a complaint in the United States District Court for the District of Delaware on April 4, 2005. The Complaint alleges that the defendants discriminated against the plaintiff in violation of the First Amendment of the United State Constitution and the Rehabilitation Act, 29 U.S.C. § 794(d), when they retaliated against her by wrongfully terminating her employment contract.

The Complaint was subsequently served upon the defendants and, by agreement of the parties, the time for filing a responsive pleading was extended until June 6, 2005. The defendants have filed a Motion to Dismiss for Failure to State A Claim or, in the Alternative, Motion for a More Definite Statement. This is the defendants' Opening Brief in support of their motion.

DOCS_DE 110446v1

## SUMMARY OF ARGUMENT

1. The plaintiff's complaint fails to state a claim under the Rehabilitation Act (RA) because the Complaint fails to establish that the plaintiff engaged in protected activity under the RA because she could not reasonable have believed that the claimed procedural violations deprived any student of an educational opportunity.

2. The plaintiff's First Amendment retaliation claims fail because even if the plaintiff's speech addressed a matter of public concern, the disruptive nature of the speech and the manner in which it was delivered created actual or potential disharmony in the workplace. As such, the employers' interest outweighed the plaintiff's as a matter of law.

3. Because the plaintiff's RA claims and First Amendment claims fail, the plaintiff's wrongful termination claim fails because the Complaint fails to establish that there has been a violation of public policy.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, the facts are as stated in the Complaint and its attached exhibits.

DOCS_DE 110446v1

## ARGUMENT

Plaintiff was a school psychologist for the Sussex Technical School District (STSD). On or about April 5, 2004, the Sussex Technical School District Board of Education ("the Board") voted not to renew the plaintiff's contract. Plaintiff contends that her non-renewal was wrongful, in violation of public policy. She also contends that her non-renewal violated the Rehabilitation Act (RA), 29 U.S.C. § 794(d), as well as rights guaranteed to her under the First Amendment of the U.S. Constitution. According to Plaintiff, the defendants voted not to renew her contract because she identified areas of potential noncompliance with the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et. seq., to the defendants and sought correction of these identified deficiencies. The plaintiff's Rehabilitation Act claim fails to state a claim upon which relief may be granted.

Although the plaintiff has alleged "violations" of the IDEA, the plaintiff's complaint fails to identify one single violation or cite to a section of the IDEA that has been violated. This failure is not unexpected as there were no violations. Rather, the "violations" identified by Plaintiff were primarily disagreements over internal operating procedures, which do not amount to "protected activity."

This is a wrongful termination claim by a disgruntled employee masquerading as an employment discrimination case. The allegations and exhibits to the complaint establish that the plaintiff had difficulty working with other staff members, a problem which escalated after she resigned her position as the Special Education Coordinator. The plaintiff continually demanded changes to conform to her way of thinking, and the way things were done at her old school, in Maryland. Her changes, however, were not mandated by the IDEA. Some of the plaintiff's suggestions were implemented, some

-4-

were not.  There is no indication in the Complaint, however, that any of the changes

implemented corrected violations of the IDEA or that any student was deprived of an

educational opportunity.  The alleged deficiencies identified by the plaintiff, therefore, do

not amount to protected activity for purposes of the RA.  In addition, the statements about

alleged deficiencies are not protected under the First Amendment because either they do

not address matters of public concern or, if they do, the defendants' interest in

maintaining a cohesive working environment outweighed the plaintiff's free speech

interests.

     The Court should end the masquerade and dismiss the federal claims.  In addition,

the Court should refuse to exercise jurisdiction over any state law claims that remain.

## I.    STANDARD FOR MOTIONS TO DISMISS

     This Court should grant a defendant's motion to dismiss if "after accepting as true

all of the facts alleged in the complaint, and drawing all reasonable inferences in the

plaintiff's favor, no relief could be granted under any set of facts consistent with the

allegations in the complaint." *Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts,*

*Inc.,* 140 F.3d 478, 483 (3d Cir.1998).

## II.    THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

     The Individuals with Disabilities Education Act (IDEA) requires states receiving

federal education funding to provide "free appropriate public education" (FAPE) for all

disabled children.  *Shore Regional High School Board of Education v. P.S.*, 381 F.3d

194, 198 (3d Cir. 2004) (*Shore Regional*) (citing 20 U.S.C. § 1412(1)).  FAPE means

special education and related services that are provided at public expense, which meet the

standards of the State educational agency, and which are provided in conformity with any

individualized education program (IEP) required under 20 U.S.C. § 1401(8).  *Shore*

*Regional*, 381 F.3d at 198.  An IEP must be "'reasonably calculated' to enable the child to receive 'meaningful educational benefits' in light of the student's intellectual potential." *Id.* (quoting *Polk v. Cent Susquehanna Interm. Unit 16*, 853 F.2d 171, 181 (3d Cir. 1988), *cert. denied sub nom, Central Columbia School Dist. v. Polk*, 488 U.S. 1030 (1989)).

Pursuant to the IDEA, a child with a disability is a child with, *inter alia,* mental retardation, serious emotional disturbance, autism, and specific learning disabilities who, by reason thereof, needs special education or related services.  20 U.S.C. § 1414(3)(A).[1]

States may fashion their own procedures for identifying students and determining eligibility so long as they satisfy the requirements of the IDEA.  *Shore Regional*, 381 F.3d at 198.  Delaware has adopted its own procedures, which are set forth in the Department of Education's Administrative Manual for Special Education Services (AMSES).[2]

To state a claim under the IDEA, plaintiff's must allege an actionable injury. *C.M. v. Board of Education of the Union County Regional High School Dist.*, 2005 WL 899927 at *2 (3d Cir.) (Exh. A).  Only those procedural violations which result in the loss of an educational opportunity or seriously infringe on a parent's right to participate in the IEP formulation process are actionable.  *Id.* (citing *W.G. v. Brd. of Trustees*, 960 F.2d

---

[1] *See* 34 C.F.R. § 300.7 defining the term "child with a disability" as:
A child evaluated in accordance with §§ 300.530-300.536 as having mental retardation . . . a speech or language impairment . . . serious emotional disturbance . . . an orthopedic impairment, autism . . . another health impairment, a specific learning disability . . . or multiple disabilities, and who, by reason thereof, needs special education and related services.

[2] *See* DEL. CODE ANN. tit. 14, 3120, et. seq.; http://www.doe.state.de.us/exceptional_child/ Final%20AMSES/AMSESRevised12152004.pdf (AMSES).

1479 (9th Cir. 1992)); *Coale v. St. Dept. of Ed.*, 162 F.Supp.2d 316, 335 (D. Del. 2001).

Technical violations or procedural inadequacies which do not cause a substantive

deprivation of educational benefits are not actionable. *C.M.*, 2005 WL 899927 at *2.

Plaintiffs alleging violations of the IDEA have the burden of establishing the harm

caused by any claimed procedural shortcomings. *Id.* Bare allegations of a deprivation

will not suffice. *See Id.* Where there is extensive parental involvement, claims based

upon deprivation of the opportunity to participate in particular isolated decisions are

rendered insignificant. *Id.* at *3.

III.    **REHABILITATION ACT**

Count I of the Complaint alleges that the defendants violated the Rehabilitation

Act because the defendants did not renew the plaintiff's contract in retaliation for her

efforts to bring the STSD into compliance with the IDEA. Cmplt., §§ 29-30. Plaintiff

further alleges that by not renewing her contract, the defendants discriminated against her

and failed to meet the individual education needs of handicapped persons. The plaintiff's

complaint does not allege that she is a person with a disability, and the plaintiff is not a

person with a disability. The plaintiff's complaint, therefore, fails to state a *prima facie*

case of employment discrimination under the Rehabilitation Act.[3] There is a separate

---

[3] "The Rehabilitation Act[, 29 U.S.C. § 701, *et. seq.*,] forbids federal employers from discriminating against persons with disabilities in matters of hiring, placement or advancement." *Shiring v. Runyon*, 90 F.3d 827, 830-31 (3d Cir. 1996). To establish a *prima facie* case under the Rehabilitation Act ("RA"), the employee has the burden of demonstrating:

> 1) that he or she has a disability,
> 2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer, and
> 3) that he or she was nonetheless terminated or otherwise prevented from performing the job.

-7-

issue, however, with respect to whether the plaintiff has stated a claim under the RA for retaliation.

A. **STANDARD FOR EVALUATING RETALIATION CLAIMS UNDER THE RA**

The standard for determining whether there has been a violation of the RA is the same as the standard used to determine whether there has been a violation of the Americans With Disabilities Act (ADA). *Sweet v. Tigard-Tualatin Sch. Dist.,* 124 Fed.Appx. 482, 484-85, n.1 (9th Cir. 2005). These standards include the ADA's retaliation provisions, *See* 42 U.S.C. § 12203(a),[4] which § 504(d) of the RA, 29 U.S.C. § 794(d), adopts. *Id.* Thus, individuals who are not disabled may assert retaliation claims under the RA.[5] Individuals asserting claims, however, may not allege retaliation based

---

*Id.* at 831. *See Id.* at 830 (indicating that employers must comply with the standards set forth in the Americans with Disabilities Act, 42 U.S.C. § 12111, et. seq.).

      The RA also applies in educational settings. To establish a violation of § 504 of the RA, 29 U.S.C. § 794(a), a plaintiff must show that:1) she is disabled as defined by the Act; 2) she is "otherwise qualified" to participate in school activities; 3) the school or the Board receives federal financial assistance; and 4) she was excluded from participation in, denied the benefits of, or subject to discrimination at the School. *W.B. v. Matula,* 67 F.2d 484, 494 (3d Cir. 1995).

[4] 42 U.S.C. § 12203 reads:
      (a) Retaliation
      No person shall discriminate against *any individual* because such
      individual has *opposed* any act or practice made unlawful by this chapter
      or because such individual made a charge, testified, assisted or
      participated in any manner in any investigation, proceeding, or hearing
      under this chapter. (emphasis added).

[5] *See Sweet,* 124 Fed.Appx. at 485 n.1 (holding that a school psychologist who alleged that she was discharged after complaining to school officials about potential IDEA violations during and after a meeting regarding a student's Individual Education Plan (IEP) had standing to bring a retaliation claim under the RA). In *Sweet,* the court held that the psychologists claims fell within the ambit of activity protected from retaliation under § 504(d) because the RA requires schools to provide appropriate education designed to meet the individual educational needs of a handicapped person and this requirement can be met by developing an IEP for each qualified handicapped person. *Id.* (citing 34 C.F.R. §§ 104.33(b)(1) and 104.33(b)(2)). *See Weber v. Cranston Sch.*

upon generalized grievances related to a class of individuals.  Prudential limitations

dictate that plaintiffs do not have standing in situations where they merely allege

generalized grievances, unrelated to specific individuals.[6]

1.    **ALTHOUGH RETALIATION CLAIMS ARE SUBJECT TO A BURDEN SHIFTING ANALYSIS, THE PLAINTIFF RETAINS THE ULTIMATE BURDEN OF PROOF**

An employee bringing a retaliation claim under the RA must show:  1)  that she

engaged in a protected activity; 2) adverse action by the employer either after or

contemporaneous with the employee's protected activity; and 3) a causal connection

between the employee's protected activity and the employer's adverse action.[7]  An

employee engages in protected activity when she *opposes* an action by the employer

based upon an objectively reasonable belief that her employer is engaging or has engaged

---

*Committee*, 212 F.3d 41 (1st Cir. 2000) (relying upon amendments to the RA which incorporated the remedies and procedures set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000d, and a regulation corresponding to Title VI, 34 C.F.R. § 100.7(e), and holding that a handicapped student's mother had standing to pursue a retaliation claim under the RA).  *See also* 29 U.S.C.A. § 794a(2) (stating that the remedies,, procedures and rights set forth in Title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d, et. seq.] are available to *any person* aggrieved by any act or failure to act under 29 U.S.C.A. § 794).

[6] *Sullivan v. City of Pittsburgh, Pennsylvania*, 811 F.2d 171, 176 (3d Cir. 1987), *cert denied sub nom, City of Pittsburgh, Pa v. Sullivan*, 484 U.S. 849 (1987) (citing *Warth v. Seldin*, 422 U.S. 490 (1975), as the leading case on the issue of standing).

[7] *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997), *cert. denied*, 118 S.Ct. 299 (1997)). Title VII and ADA retaliation claims are analyzed under the same framework. *Krouse*, 126 F.3d at 500.

Where a plaintiff contends that an employer's proffered reasons for adverse action are pretextual, the McDonnell Douglas burden-shifting analysis applies. *See Woodson*, 109 F.3d at 920 n.2 (explaining the burden shifting analysis in a retaliation case); *Krouse*, 126 F.3d at 500 (following the burden shifting analysis in analyzing a retaliation claim).

DOCS_DE 110446v1

in unlawful, discriminatory conduct.[8]  An employee need not prove the merits of the

underlying complaint of discrimination, but only that she acted with a good faith,

reasonable belief that a violation of the applicable law existed.[9]  In determining the

reasonableness of an individual's belief that an act is unlawful, it is necessary to look first

at pre-existing case law.[10]

Retaliation claims under the ADA are analyzed using the burden-shifting

framework set forth in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 793 (1973).

This same framework is applicable to the plaintiff's RA claims because the retaliation

provisions of the ADA apply, as was noted above.

Pursuant to *McDonnell Douglass*, the plaintiff has the burden of establishing a

prima facie case of retaliation.  *See Shaner v.Synthes (USA)*, 204 F.3d 494, 500 (3d Cir.

2000) (discussing *McDonnell Douglass*).  If the plaintiff succeeds in establishing a *prima

facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory

reason for the adverse action.  *Id.*  If the defendant meets this burden, the plaintiff has the

burden of proving that the proffered reason was a pretext for discrimination.  *Id.*

While the burden of production may shift to the defendant with respect to

providing a non-discriminatory reason, the burden of persuading the trier of fact that the

defendant intentionally discriminated against the plaintiff remains with the plaintiff at all

times. *Shaner*, 204 F.3d at 500-501.  The plaintiff must persuade the trier of fact *both*

---

[8] *Foster v. Time Warner Entertainment Co., L.P.*, 250 F.3d 1189 (8th Cir. 2001)
(discussing an ADA case);
[9] *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996) (discussing a
Title VII retaliation case).
[10] *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853 (3d Cir. 1990) (discussing a
retaliation claim brought under New Jersey's Law Against Discrimination (NJLAD),
which applies the same reasonable belief standard as is used in Title VII cases).

-10-

that the reason was false, and that discrimination was the real reason. *Id.* at 501. To discredit an employer's proffered reason, the plaintiff must show more than the fact that the employer's decision was wrong or mistaken. *Id.* Rather, the plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a rational fact finder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons."[11] The plaintiff can demonstrate these weakness, etc. using circumstantial evidence. *Shaner*, 204 F.3d at 503. The plaintiff's ultimate burden in a retaliation case is to convince the jury that the retaliatory intent had a "'determinative effect" on the employer's decision.[12]

2. **TO RISE TO THE LEVEL OF AN ADVERSE EMPLOYMENT ACTION, AN EMPLOYER'S CONDUCT MUST BE SERIOUS AND TANGIBLE ENOUGH TO ALTER AN EMPLOYEE'S COMPENSATION, TERMS, CONDITIONS, OR PRIVILEGES OF EMPLOYMENT**

An adverse employment action  is conduct which "constitutes a *significant* change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 118 S.Ct. 2257, 2268 (1998) (emphasis added). The adverse employment action must be material. *Mondzelewski v. Pathmark Stores, Inc.*, 162 F.3d 778, 787 (3d Cir. 1998). The concept of discrimination with respect to retaliation claims refers to "job application procedures, the hiring,

---

[11] *Id.* (citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)).
[12] *Shaner*, 204 F.3d at 501 n.8 (citing *Woodon v. Scott Paper Co.*, 109 F.3d 913, 931-35 (3d Cir. 1997)).

advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Id.*

As the Court noted in *Robinson*, however, "[m]inor or trivial actions that merely make an employee 'unhappy' are not sufficient to qualify as retaliation . . ., for otherwise every action that an irritable chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997); *Mondzelewski,* 162 F.3d at 787. Likewise, civil rights law suits cannot be transformed into a forum for every workplace grievance, real or imagined, nor must they be permitted to become a mechanism to inhibit ordinary managerial decisions or handcuff owners and managers of businesses to the status quo. *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1083 (3d Cir. 1992) *overruling on other grounds recognized in, Abrams v. Lightolier*, 841 F.Supp. 584 (D.N.J. 1994) (quoting *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985)). Civil rights statutes cannot be read so broadly as to provide relief from the minutiae of day-to-day business decisions. *See Colgan v. Fisher Scientific*, 935 F.2d 1407, 1421 (3d Cir. 1991) *cert. denied sub nom, Fisher Scientific v. Colgan*, 502 U.S. 941 (1991) (noting the negative consequences which would follow if employees were encouraged to file charges whenever they were dissatisfied with day-to-day or interim incidents in the workplace).

Oral reprimands are not sufficiently adverse to qualify as actionable employment action. *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001) (citing *Robinson,* 120 F.3d at 1301). To qualify as adverse action in a retaliation case, the plaintiff must show that written reprimands affected the terms and conditions of her employment. *Weston,* 251 F.3d at 431. In *Weston*, the Third Circuit found that a written reprimand was not

-12-

adverse action in a retaliation case where the plaintiff "was not demoted in title, did not

have his work schedule changed, was not reassigned to a different position or location . .

., did not have his hours or work changed or altered in any way, and he was not denied

any pay raise or promotion as a result of [the] reprimands." *Id.*[13]

> 3.   **ESTABLISHING A CASUAL LINK REQUIRES MORE THAN THE MERE FACT THAT THE ADVERSE EMPLOYMENT ACTION OCCURRED AFTER A PROTECTED ACTIVITY**

In establishing a causal link between the protected activity and the adverse action,

the plaintiff must generally show more than the mere fact that the adverse employment

action occurred after a protected activity. *Krouse*, 123 F.3d at 503; *Crenshaw v.

Georgetown University*, 23 F.Supp.2d 11, 18 (D. D.C. 1998), *aff'd*, 194 F.3d 173 (D.C.

Cir. 1999) (stating that mere coincidence does not establish causation in the absence of

other evidence). "Even if timing alone could ever be sufficient to establish a causal link,

. . . the timing of the alleged retaliatory action must be 'unusually suggestive' of

retaliatory motive before a causal link will be inferred." *Krouse*, 123 F.3d at 503  (citing

*Robinson*, 120 F.3d at 1302).  Lack of temporal proximity, however, by itself, is not

conclusive proof against retaliation. *Woodson,* 109 F.3d at 919.

---

[13] *See Tucker v. Merck & Co., Inc.*, 2005 WL 1176565 at *4 (3d Cir.) (Exh. B) (holding that two negative yearly evaluations did not constitute adverse employment action absent evidence of lower raises as a result of the evaluations); *Washington v. Delaware*, 2003 WL 21697403 at *3 (D. Del) (Exh. C) (holding that two written grievances did not amount to adverse action where the employee was not fired, denied a promotion, reassigned or denied any benefits of her employment); *Sabbrese v. Lowe's Home Centers, Inc.*, 320 F.Supp.2d 311, 319-20 (E.D. Pa. 2004) (holding that a written reprimand did not deprive the plaintiff of a *significant* employment benefit or effect a *material* change in the terms of the plaintiff's employment even though the warning would stay in his file permanently and was part of a progressive disciplinary system).   In *Tucker*, the court noted that even if a negative evaluation lead to a lower than expected merit wage increase or bonus, it would probably not constitute an adverse employment action. *Tucker*, 2005 WL 1176565 at *4.

-13-

When temporal proximity is missing, courts may look to the intervening period between the protected activity and the allegedly retaliatory conduct for other evidence of retaliatory animus. *Krouse*, 126 F.3d 503-04. Where sufficient time has passed between the two activities, absent evidence of intervening antagonism or retaliatory animus, passage of time may be conclusive and the court may grant judgment as a matter of law for the defendant on the issue of causation. *See Id.* at 504 (ruling on a motion for summary judgment that the plaintiff failed to establish a causal link as a matter of law).

In the absence of temporal proximity, one way that the plaintiff can establish a link between her protected activity and the defendant's subsequent adverse employment decision is by showing that the employer engaged in a pattern of antagonism in the intervening period. *Woodson*, 109 F.3d at 920-21 (leaving open the question of whether other types of evidence might also support finding a causal link in the absence of temporal proximity).

B.    **THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE A RETALIATION CLAIM UNDER THE RA**

In this case the plaintiff contends that she was retaliated against for questioning the defendants about various incidents of non-compliance with the IDEA. *See e.g.* Cmplt. at ¶¶ 9, 13, 14, 21. The plaintiff incorporated a variety of documents in the Complaint. Neither the allegations in the Complaint nor the attached documents set forth a cause of action for retaliation under the RA because the incidents referred to: 1) do not amount to adverse employment action; 2) do not refer to protected activity; or 3) do not create an inference of discrimination. The Court, therefore, should dismiss Count I of the Complaint.

-14-