IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN | * |
|     Plaintiff | * |
| v. | Civil Action No.:05-00194 JJF |
| | * |
| SUSSEX TECHNICAL SCHOOL DISTRICT | TRIAL BY JURY OF TWELVE |
| | * |
| SUSSEX TECHNICAL SCHOOL DISTRICT BOARD OF EDUCATION | DEMANDED |
| | * |
| SANDRA WALLS-CULOTTA | * |
| Individually, and in her official capacity | |
| | * |
| STEVEN HUBER | |
| Individually, and in his official capacity | * |
| | |
|     Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S BRIEF IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION FOR A STAY PENDING A DECISION BY <u>THE UNITED STATES SUPREME COURT IN *GARCETTI V. CEBALLOS*</u>**

Brian F. Dolan
Stumpf, Vickers & Sandy, P.A.
Bar ID # 3190
8 West Market Street
Georgetown, DE 19947

Robin R. Cockey
Cockey Brennan & Maloney PC
313 Lemmon Hill Lane
Salisbury, MD  21801
*Attorneys for Plaintiff*

Date: November 16, 2005

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed a Complaint in the United States District Court for the District of Delaware on April 4, 2005. The Complaint asserts claims for violation of the Rehabilitation Act, 29 U.S.C. § 794(d), violation of First Amendment Rights under 42 U.S.C. § 1983, and wrongful termination. Plaintiff has brought these claims against her former employer and certain supervisors in their individual and official capacities. Plaintiff contends Defendants terminated her for her attempts to bring Sussex Technical School District into compliance with the Individuals with Disabilities Education Act.

The Defendants filed a Motion to Dismiss for Failure to State a Claim or, in the alternative, Motion for a More Definite Statement, to which Plaintiff filed an opposition. The decision on this Motion is currently pending before the Court.

In the meantime, Defendants have now filed the instant Motion for Stay pending a decision by the United States Supreme Court in Garcetti v. Ceballos. Garcetti was argued before the Court just a few weeks ago on October 12, 2005, and it is impossible to predict when exactly the Court will issue its opinion.

## ARGUMENT

Assuming Plaintiff's causes of action survive the Motion to Dismiss, there is absolutely no reason for the parties not, at the very least, to proceed with discovery. The facts necessary to establish the Rehabilitation Act and wrongful termination claims are virtually identical to those needed to establish a First Amendment retaliation claim. In fact, there is such an overlap of issues that, even in the unlikely event Garcetti should prove to be *dispositive* of the First Amendment issues in the instant case, the same facts which would have had to be established in that claim would still need to be developed on the record to establish the other two intrinsically-

1

related employment claims. Proceeding with discovery will in no way prejudice the Defendants, because once the U.S. Supreme Court renders its decision, if it is favorable to Defendants' posture, they can at that point move for summary judgment.

It is also very possible that the ruling in Garcetti will not necessarily be dispositive for purposes of the instant case.[1] Upon reading the Petition for Writ of Certiorari and Ninth Circuit opinion provided by the Defendants,[2] it becomes apparent that the Supreme Court may well issue an opinion which provides "an unequivocal holding as to whether purely job-related speech about a matter of public concern is constitutionally protected." Garcetti v. Ceballos, 2004 WL 226096, at *9 FN3 (U.S.). For purposes of the instant case, such an opinion would not be *dispositive* of the First Amendment claim, but would, in effect, direct the argument to issues such as whether Plaintiff's speech was in fact purely job related ("employment-required"), and/or whether it encompassed a matter sufficiently of public concern. Such issues have already been pleaded in the Complaint, and merit further investigation through discovery. Thus, even with the existence of an "unequivocal" opinion, it is inevitable that discovery will need to be taken to flesh out what remains of Plaintiff's cause of action after the dust finally settles. Because the discovery necessary for the Rehabilitation Act and wrongful termination claims is virtually the same as that needed for the First Amendment claim, denying the stay and continuing with proceedings will certainly not prejudice the Defendants.

An indefinite suspension of this case would be an indiscriminate creation of additional docket backlog. The discovery needed to establish the two other employment-related causes of action encompasses the exact same set of facts necessary to establish the First Amendment cause

---

[1] Contrary to Defendants' assertions to this Court, Plaintiff's counsel never acknowledged that Garcetti "could be dispositive of Plaintiff's First Amendment claims." See Defendants' Motion to Stay, ¶ 5. It is Plaintiff's belief that Garcetti could have an *impact* on the First Amendment claims, in that it may dictate and/or possibly redefine the focus of the argument.

[2] See Exhibits C and D to Defendants' Motion to Stay.

2

of action. In fact, any discovery which addresses solely the First Amendment cause of action will be minimal at best. It is therefore in the best interests of judicial economy and efficiency that the case be allowed to proceed once the Motion to Dismiss has been ruled upon.

## CONCLUSION

Based on the foregoing, it is unjust and judicially inefficient to indefinitely stay the Plaintiff's cause of action due to an anticipated opinion which may have no dispositive value whatsoever on the instant action. The Court, therefore, should deny Defendants' Motion for Stay.

RESPECTFULLY SUBMITTED,

\_\_/s/_____
Brian F. Dolan
Stumpf, Vickers & Sandy, P.A.
Bar ID # 3190
8 West Market Street
Georgetown, DE 19947

Robin R. Cockey
Cockey Brennan & Maloney PC
313 Lemmon Hill Lane
Salisbury, MD 21801
*Attorneys for Plaintiff*

Date: November 16, 2005

3