```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE
```

DOROTHY HOULIHAN,                :
                                 :
        Plaintiff,                :
                                 :
   v.                            :   Civil Action No. 05-194-JJF
                                 :
SUSSEX TECHNICAL SCHOOL          :
DISTRICT, SUSSEX TECHNICAL       :
SCHOOL DISTRICT BOARD OF         :
EDUCATION, SANDRA                :
WALLS-CULOTTA, individually,     :
and in her official capacity,    :
and STEVEN HUBER,                :
individually, and in his         :
official capacity,               :
                                 :
        Defendants.               :

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion To Dismiss For Failure To State A Claim Or, In The Alternative, Motion For A More Definite Statement (D.I. 5) and Defendants' Motion For A Stay Pending A Decision By The United States Supreme Court In Garcetti v. Ceballos (D.I. 16). By their Motion For A Stay, Defendants contend that the Court should stay this action and defer ruling on their pending Motion To Dismiss until the Supreme Court issues a decision in Garcetti v. Ceballos, a case relevant to Plaintiff's First Amendment claim. Garcetti v. Ceballos, 361 F.3d 1168 (9th Cir. 2004), cert. granted, 125 S. Ct. 1395 (2005).

Plaintiff opposes Defendants' request for a stay and contends that this case should proceed to discovery, because the facts necessary to establish her claim of retaliation under the Rehabilitation Act are the same as those needed to establish her

First Amendment retaliation claim. Plaintiff also contends that the <u>Garcetti</u> case may not be dispositive of Plaintiff's First Amendment claim and that discovery may still be needed to determine whether Plaintiff's speech is purely job related and/or whether her speech encompassed a matter sufficiently of public concern.

The power of the Court to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936) The decision to stay a proceeding lies within the discretion of the Court.

The issue to be decided by the Supreme Court in <u>Garcetti</u> is:

> Should a public employee's purely job-related speech, expressed strictly pursuant to the duties of employment be cloaked with First Amendment protection simply because it touches on a matter of public concern or should First Amendment protection also require the speech to be engaged in "as a citizen," in accordance with [the Supreme Court's] holdings in <u>Pickering v. Board of Education</u>, 391 U.S. 563 (1968) and <u>Connick v. Myers</u>, 461 U.S. 138 (1983)?

<u>Garcetti v. Ceballos</u>, 2004 WL 2260964, *i (Oct. 1, 2004) (petition for writ of certiorari). The answer to this question is, in the Court's view, highly material to the disposition of Plaintiff's First Amendment claim. Plaintiff's argument against a stay assumes that her claims will withstand Defendants' Motion To Dismiss; however, the Court agrees with Defendants that disposition of the Motion To Dismiss should be deferred until the

Supreme Court rules in <u>Garcetti</u>. In the Court's view, a stay will conserve both the resources of the Court and the parties by preventing piecemeal resolution of the pending Motion To Dismiss and tailoring the issues in this case so that if discovery becomes necessary, it can proceed as efficiently as possible.

NOW THEREFORE, IT IS HEREBY ORDERED this 9 day of February 2006, that:

1. Defendants' Motion For A Stay Pending A Decision By The United States Supreme Court In <u>Garcetti v. Ceballos</u> (D.I. 16) is **GRANTED**.

2. The above-captioned action is **STAYED** pending issuance of the decision of the United States Supreme Court in <u>Garcetti v. Ceballos</u>. <u>See</u> 361 F.3d 1168 (9th Cir. 2004), <u>cert. granted</u>, 125 S. Ct. 1395 (2005). Any request to lift the stay shall be made in writing to the Court after issuance of the <u>Garcetti</u> decision.

3. Defendants' Motion To Dismiss For Failure To State A Claim Or, In The Alternative, Motion For A More Definite Statement (D.I. 5) is **DENIED** with leave to renew.

4. In the event Defendants' Motion To Dismiss is renewed, the parties shall meet and confer on a briefing schedule for any supplemental submissions related to <u>Garcetti</u> that may be required for the adjudication of Plaintiff's First Amendment retaliation claim.

                                                /s/ Joseph J. Farnan
                                         UNITED STATES DISTRICT JUDGE