# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21697403 (D.Del.), 26 NDLR P 163
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Briefs and Other Related Documents

United States District Court,D. Delaware.
Ana WASHINGTON, Plaintiff,
v.
STATE of Delaware/Supreme Court of Delaware, Defendants.
No. Civ.A.01-217-JJF.

July 17, 2003.

Ana M. Washington, pro se.
Gregg E. Wilson, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Defendants.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Pending before the Court is Defendants' Motion for Summary Judgment (D.I.52). For the reasons discussed below, the Court will grant the Motion (D.I.52).

BACKGROUND

Plaintiff Ana Washington, an African-American female, was hired as a Senior Court Clerk by Defendant Supreme Court of Delaware in October 1995. On December 15, 1999, Plaintiff filed a charge of disability discrimination against her employer with the Delaware Department of Labor and the Equal Employment Opportunity Commission ("EEOC"), and on January 11, 2000, Plaintiff amended her charge to add a claim of racial discrimination.

Plaintiff's disability claim stems from an April 8, 1997, ankle injury she suffered at work. Because of the injury, Plaintiff was out of work for several weeks. Plaintiff returned to work on light duty for a period of time and eventually resumed her full duties as a senior court clerk.

Plaintiff's racial discrimination claim is based on several incidents. First, Plaintiff received a written reprimand for failing to properly report her absence from work on September 16, 1999. Plaintiff contends the reprimand was unwarranted because she followed the call off procedure in effect at the time by leaving a voice-mail message prior to her report time. Plaintiff filed an internal grievance regarding the reprimand, and the reprimand was upheld on December 23, 1999. The reprimand had no effect on Plaintiff's pay, benefits, or conditions of employment.

Second, Plaintiff received a written reprimand for events that occurred on January 13 and January 14, 2000. On January 13, 2000, Plaintiff's husband telephoned Plaintiff's supervisor, Cathy Howard, at home between 4:00 a.m. and 5:30 a.m. to report that Plaintiff would not be reporting to work due to illness. On January 14, 2000, Plaintiff telephoned Ms. Howard to obtain an attorney bar identification number, and during the call, Plaintiff refused to discuss the early morning call by her husband. Plaintiff stated that she could not discuss the matter because there were people near her desk and hung up on her supervisor. Later that day, another court clerk called Plaintiff to give her the bar number, and Plaintiff refused to accept it. Plaintiff filed a grievance over the reprimand, and the grievance hearing officer upheld the reprimand on the grounds that calling a supervisor at about 4 a.m. in violation of known procedures was an act of insubordination, that refusing to take the bar number as requested was an act of insubordination, and that hanging up on a supervisor was a failure to meet workplace standards of conduct. Again, the reprimand had no effect on Plaintiff's pay, benefits, or conditions of employment.

Third, Plaintiff contends that on one occasion the Chief Justice of the Supreme Court of Delaware was angry and yelled "What is this?" when he discovered a confidential document left by the copying machine adjacent to Plaintiff's desk. Finally, Plaintiff contends that she was excluded from Delaware Supreme Court functions such as barbecues, picnics, and swearing in ceremonies, and that she is not listed by name on memoranda, letterheads, and telephone directories.

*2 Plaintiff also contends that she was retaliated against for having filed a charge of discrimination with the EEOC. Specifically, Plaintiff contends that her employer retaliated against her by revoking her parking privileges. On July 30, 2001, nineteen months after Plaintiff filed her EEOC charge, Mr. Adam Golby told Plaintiff that she was no longer authorized to park in the Administrative Office of the Courts' parking lot and that she should move her car

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21697403 (D.Del.), 26 NDLR P 163
(Cite as: Not Reported in F.Supp.2d)

Page 2

before it was towed. Several weeks later, Plaintiff's parking privileges were restored.

On April 4, 2001, Plaintiff filed the instant lawsuit, and on September 7, 2001, Plaintiff resigned from her position with the Supreme Court of Delaware.

STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of identifying for the court the portions of the record which it believes demonstrate the absence of a genuine issue of material fact. _Celotex Corp. v. Catrett_, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To determine whether there is a genuine issue for trial, the court must decide whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 249 (1986). In other words, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment is appropriate. _Matsushita Elec. Indus. Co. v.. Zenith Radio Corp._, 475 U.S. 574, 587 (1986).

DISCUSSION

I. Plaintiff's Disability Discrimination Claim

Defendants contend that Plaintiff's disability discrimination claim is barred by the Eleventh Amendment and that Plaintiff's temporary injury is not a disability under the Americans with Disabilities Act ("ADA").

In her Response Brief, Plaintiff admits that "it seems that the conditions was [sic] temporary and very little lingering impairment is present with regard to Plaintiff foot/ankle [sic] problem. Plaintiff had not feed [sic] that her condition qualified for a permanent disability after surgery and recovery." (D.I. 63 at 13).

Temporary impairments or conditions are not covered by the ADA because, by definition, they do not substantially limit a major life activity. _Rinehimer v. Cemcolift, Inc._, 292 F.3d 375, 380 (3d Cir.2002) (citing _McDonald v. Pa. Dep't of Public Welfare, Polk Ctr._, 62 F.3d 92, 96 (3d Cir.1995)). Based on Plaintiff's admission that her injury is temporary, the Court concludes that Plaintiff's injury is not covered by the ADA. Accordingly, the Court will grant summary judgment as to Plaintiff's disability discrimination claim.

II. Plaintiff's Racial Discrimination Claim

*3 Plaintiff's racial discrimination claim is based on the two written reprimands she received, the Chief Justice's comment to her, and the fact that she is not listed by name on various Delaware Supreme Court documents.

Defendants contend that Plaintiff's racial discrimination claim must fail because she cannot establish a prima facie case of racial discrimination. Specifically, Defendants contend that Plaintiff cannot demonstrate that she suffered an adverse employment action.

To establish a prima facie case of race discrimination, Plaintiff must show by a preponderance of the evidence that: (1) she is a member of the protected class; (2) she suffered an adverse employment action; and (3) similarly situated members of another race were treated more favorably. _McDonnell Douglas Corp. v. Green_, 411 U.S. 792, 802 (1973); _Jones v. School Dist. of Philadelphia_, 198 F.3d 403, 411 (3d Cir.1999) (noting that "the elements of a prima facie case depend on the facts of the particular case" and emphasizing that the "relevant question" in a Title VII case is whether a plaintiff "suffered some form of adverse employment action sufficient to evoke the protection of Title VII"); _Knott-Ellis v. Delaware Dept. of Correction_, 2001 WL 935621 at *3 (D.Del. Aug. 3, 2001). In the instant case, the Court concludes that Plaintiff has not established a prima facie case. Although Plaintiff is an African-American female and thus a member of a protected class, she has not demonstrated that she suffered an adverse employment action.

The United States Supreme Court has defined an adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment, or a decision causing a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

significant change of benefits." *Burlington Indus. Inc. v. Ellerth,* 524 U.S. 742, 761 (1998). Here, Plaintiff's most serious allegation is that she received two written reprimands for not complying with workplace procedures. As a result of the reprimands and other conduct complained of by Plaintiff, she was not fired, denied a promotion, reassigned, or denied any benefits of her employment. Accordingly, the Court concludes that Plaintiff was not subjected to an adverse employment action. *Weston v. Pennsylvania,* 251 F.3d 420, 430-31 (3d Cir.2001) (holding that written reprimand that did not affect terms and conditions of employment did not rise to the level of adverse employment action). Because Plaintiff has not made a showing sufficient to establish the existence of an element essential to her case, and on which she bears the burden of proof at trial, the Court will grant summary judgment as to Plaintiff's racial discrimination claim.

### III. Plaintiff's Retaliation Claim

Plaintiff contends that she was unlawfully retaliated against for filing a charge of discrimination with the EEOC in January 2000. Plaintiff contends that on July 30, 2001, nineteen months after she filed her EEOC charge, Mr. Golby told Plaintiff that she was no longer authorized to park in a parking lot (the "AOC Lot") utilized by some Delaware Supreme Court employees and that she should move her car before it was towed. As a result, Plaintiff payed to park from July 31, 2001, to September 7, 2001.

*4 The facts as developed during discovery established that the AOC Lot is owned by the State of Delaware and is administered by the Administrative Office of the Courts ("AOC"). Employees of the Delaware Supreme Court and other state courts park in the AOC Lot on a space available basis. Parking in the AOC Lot is a courtesy and is not part of any court employee's benefit package. (D.I. 67 at B4). Mr. Golby is an AOC statistician who is assigned the added responsibility of monitoring the use of the AOC Lot. Because the AOC Lot is five blocks from the Delaware Supreme Court, Plaintiff did not use the AOC Lot for several months while recovering from her ankle injury. During Plaintiff's absence, other employees had been given permission to park in the AOC Lot. Consequently, when Plaintiff began parking in the AOC Lot after her recovery, Mr. Golby advised her that she was no longer authorized to park in the AOC lot and that she should move her car before it was towed. Plaintiff complained to her supervisor at the Delaware Supreme Court, who contacted the AOC and arranged for the reinstatement of Plaintiff's parking privileges.

Defendants contend that summary judgment is appropriate as to Plaintiff's retaliation claim because Plaintiff did not suffer an adverse employment action and because there is no causal link between Plaintiff's EEOC complaint and the temporary revocation of Plaintiff's parking privileges.

Plaintiff must prove a prima facie case of retaliation by demonstrating: (1) that she engaged in protected activity; (2) that she suffered an adverse employment action; and (3) that there is a causal link between the protected activity and the adverse employment action. *Krouse v. American Sterilizer Co.,* 126 F.3d 494, 500 (3d Cir.1997).

The Court concludes that Plaintiff's evidence at this juncture establishes that she engaged in protected activity by filing her EEOC complaint. However, because there is no dispute that parking in the AOC Lot was not a benefit of Plaintiff's employment (D.I. 67 at B4), the Court concludes that Plaintiff's temporary loss of authorization to park in the AOC Lot does not rise to the level of an adverse employment action. *Ellerth,* 524 U.S. at 761. Additionally, even if the loss of parking privileges was an adverse employment action, Plaintiff has not demonstrated a causal link between the loss of parking incident and the filing of her EEOC charge. Mr. Golby was employed by the AOC, and Plaintiff was employed by the Delaware Supreme Court. The evidence in the record establishes that Mr. Golby and his AOC supervisor, Dennis B. Jones, were unaware at the time that they temporarily revoked Plaintiff's parking privileges that Plaintiff had filed an EEOC charge. (D.I. 67 at B2). Because Mr. Golby and Ms. Jones were unaware of Plaintiff's EEOC charge, the Court concludes that their actions were not causally related to Plaintiff's protected activity. Additionally, nineteen months passed between the filing of Plaintiff's EEOC charge and the alleged retaliation, and this lack of temporal proximity provides additional weight to the conclusion that there was no causal link between the two events. Accordingly, the Court will grant summary judgment as to Plaintiff's retaliation claim.

### CONCLUSION

*5 For the reasons discussed, Defendant's Motion for Summary Judgment will be granted.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                     Page 4
Not Reported in F.Supp.2d, 2003 WL 21697403 (D.Del.), 26 NDLR P 163
**(Cite as: Not Reported in F.Supp.2d)**

An appropriate Order will be entered.

*ORDER*

At Wilmington this 17th day of July 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (D.I.52) is *GRANTED*.

D.Del.,2003.
Washington v. State of Delaware
Not Reported in F.Supp.2d, 2003 WL 21697403 (D.Del.), 26 NDLR P 163

Briefs and Other Related Documents (Back to top)

• 1:01CV00217 (Docket) (Apr. 04, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.