**Westlaw.**

124 Fed.Appx. 482                                                                                    Page 1
124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135

(Cite as: 124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)))

C

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,
Ninth Circuit.
Carla SWEET, Plaintiff--Appellant,
v.
TIGARD-TUALATIN SCHOOL DISTRICT, # 23J; et al., Defendants--Appellees.
No. 03-35455.

Argued and Submitted Sept. 15, 2004.
Decided Jan. 5, 2005.

**Background:** School psychologist filed suit against school district, education service district, and their employees, alleging, inter alia, retaliatory termination in violation of the Rehabilitation Act. The United States District Court for the District of Oregon, Donald C. Ashmanskas, United States Magistrate Judge, granted summary judgment in favor of defendants. Employee appealed.

**Holdings:** The Court of Appeals, held that:
(1) genuine issues of material fact precluded summary judgment for school district on claim of retaliatory termination; but
(2) education service district's reason for discharging employee was not pretext for discrimination;
(3) employees were entitled to qualified immunity on § 1983 claim; and
(4) education service district was not required to accommodate employee under Oregon law.

Affirmed in part, and reversed and remanded in part.

West Headnotes

**[1] Federal Civil Procedure** 🔑2497.1
170Ak2497.1 Most Cited Cases
Genuine issues of material fact as to whether terminated public school psychologist was engaged in protected activity precluded summary judgment for school district in action by employee under the Rehabilitation Act; there was evidence she complained to members of school staff regarding Individuals with Disabilities Education Act (IDEA) violation during and immediately after meeting shortly before she was removed. Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794; Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

**[2] Civil Rights** 🔑1251
78k1251 Most Cited Cases

**[2] Schools** 🔑147.12
345k147.12 Most Cited Cases
Education service district's legitimate, nondiscriminatory reason for discharging public school psychologist, after school district removed her from school, was not pretext for discrimination for her Individuals with Disabilities Education Act (IDEA) complaints, in violation of the Rehabilitation Act; having both received police report and independently questioned individual to whom psychologist made statements, education service district officials reasonably believed that her statements to individual were true threats to school district officials, not simply hyperbolic statements. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq; Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794.

**[3] Civil Rights** 🔑1376(10)
78k1376(10) Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 Fed.Appx. 482                                                                                                  Page 2
124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135
(Cite as: 124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)))

Employees of school district and education service district were entitled to qualified immunity from school psychologist's § 1983 claim of retaliation for speech protected by the First Amendment, given that any mistake they made with regard to her free speech rights was within "hazy border" between lawful and unlawful conduct; psychologist's manner of communicating her concerns regarding potential Individuals with Disabilities Education Act (IDEA) violations was in some respects disruptive, and her co-workers complained to supervisors that she was hard to work with. U.S.C.A. Const.Amend. 1; 42 U.S.C.A. § 1983; Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

[4] Civil Rights 1225(3)
78k1225(3) Most Cited Cases
Education service district did not violate Oregon law by failing to accommodate school psychologist's impairment which she claimed substantially limited her major life activity of walking; rather, psychologist would have to walk just as much were she accorded opportunities she asserted as possible accommodations as she did in her job at school. O.R.S. §§ 659A.100(1)(a), 659A.112.

[5] Civil Rights 1218(3)
78k1218(3) Most Cited Cases
School psychologist claiming that she was disabled because she was limited in major life activity of working, in that she could not undertake extended commute, and that education service district was required to accommodate her under Oregon law, did not establish that she was limited with respect to broad range of jobs; rather, there were many jobs available for which she was eligible and which were located within area in which she could tolerate commuting distance. O.R.S. §§ 659A.100(1)(a), 659A.112.

[6] Civil Rights 1225(3)
78k1225(3) Most Cited Cases
Education service district did not fail to accommodate school psychologist in violation of Oregon law once it confirmed her medical condition; rather, district first suspended her and then terminated her employment because of quite separate issue of threats they believed she made against officials. O.R.S. §§ 659A.100(1)(a), 659A.112.

[7] Libel and Slander 45(2)
237k45(2) Most Cited Cases

[7] Torts 355
379k355 Most Cited Cases
(Formerly 379k8.5(5.1))
Three e-mails regarding high school psychologist sent to school staff by principal, which psychologist claimed were defamatory and invasion of privacy/false light, fell under Oregon's qualified privilege; principal was alerting staff members because of his potential concern for their safety, and before sending first e-mail, principal called together his administrative team and verified facts concerning alleged threats with primary source of information regarding incidents, thus taking reasonable steps to ascertain truth of information communicated and not acting with actual malice.
*484 William R. Goode, Esq., Portland, OR, for Plaintiff-Appellant.

Judy Danelle Snyder, Hoevet & Boise, Karen M. Vickers, Esq., Bullivant Houser Bailey, PC, Portland, OR, Brian J. Hungerford, Jennifer L. Hungerford, The Hungerford Law Firm, LLP, Oregon City, OR, for Defendants-Appellees.

Appeal from the United States District Court for the District of Oregon, Donald C. Ashmanskas, Magistrate, Presiding. D.C. No. CV-02-00012-REJ/DCA.

Before: WALLACE, GOULD, and BERZON, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**1 Following her removal as a public school

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 Fed.Appx. 482                                                                                                    Page 3
124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135
(Cite as: 124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)))

psychologist from Tigard High School and the subsequent termination of her employment with the Northwest Regional Education Service District ("NWRESD"), Carla Sweet filed suit against the Tigard-Tualatin School District ("TTSD"); its employees Danielle Johnson, Petrea Hagen-Gilden, and Mark Kubiaczyk; the NWRESD; and NWRESD employee Mike Barker. Against different combinations of these defendants, Sweet alleged claims for unlawful retaliation under section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"); violation of her First Amendment rights under 42 U.S.C. § 1983; unlawful retaliation under the Oregon whistleblower statute, Or.Rev.Stat. § 659A.203(1)(b)(A); unlawful discrimination under the Oregon disability statute, Or.Rev.Stat. § 659A.112; and defamation and invasion of privacy/false light under Oregon common law. The district court granted summary judgment for every defendant with regard to every claim.

Sweet here appeals the district court's summary judgment on every claim except her state common law claims against Kubiaczyk and her section 1983 claim against TTSD. We review the district court's summary judgment de novo. *Palmer v. Pioneer Inn Assocs.*, 338 F.3d 981, 984 (9th Cir.2003). Viewing the evidence in the light most favorable to the nonmoving party, Sweet, we must determine "whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). We affirm in part and reverse and remand in part. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition.

I

Sweet claims that TTSD removed her from Tigard High School, and NWRESD *485 subsequently terminated her, in violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794. She argues that the actions of each party were in retaliation for reporting potential violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* [FN1]

FN1. Contrary to NWRESD's contention, Sweet has standing. Section 504(d) of the Rehabilitation Act adopts the anti-retaliation provision of the Americans with Disabilities Act. *See* 29 U.S.C. § 794(d); 42 U.S.C. § 12203(a) (prohibiting discrimination against any individual "because such individual has opposed any act or practice made unlawful by this Act"). A regulation issued pursuant to section 504(a) provides that the failure to "meet individual educational needs of handicapped persons" is a violation of the Rehabilitation Act. 34 C.F.R. § 104.33(b)(1) (2003). The regulation also explains that "[i]mplementation of an Individualized Education Program [IEP] developed in accordance with the Education of the Handicapped Act [the prior title of the IDEA Act] is one means of meeting the standard established in paragraph (b)(1)(i) of this section." *Id.* at 104.33(b)(2). Sweet's complaints therefore fall within the ambit of activity protected from retaliation under § 504(d).

[1] With respect to TTSD's request for Sweet's removal from Tigard High School, summary judgment was improper. There is a genuine issue of material fact regarding the October 9, 2001, meeting concerning student K.Z. The evidence is in conflict concerning whether and to what extent Sweet complained about potential IDEA violations during and immediately after the meeting to members of the Tigard High School staff, including Johnson.

Sweet presented evidence that she told Johnson she would have to file a formal complaint about the meeting. Sweet also presented evidence that, within a day of the meeting, she told two of her co-workers, Eric Stone and Carol Stevens, as well as Tigard High School Principal Mark Kubiaczyk, and Heather LeClair, coordinator of itinerant services for NWRESD, that the meeting was not conducted according to the law. This evidence raises a genuine issue of material fact as to whether Sweet was engaged in protected activity under the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 Fed.Appx. 482                                                                                               Page 4
124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135
**(Cite as: 124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)))**

Rehabilitation Act. *See Ray v. Henderson,* 217 F.3d 1234, 1240 n. 3 (9th Cir.2000) ("[A]n employee's complaints about the treatment of others is considered a protected activity."). That Sweet was removed shortly after this meeting permits the inference that her actions concerning this meeting caused TTSD's removal request. *See Ulrich v. City and County of San Francisco,* 308 F.3d 968, 980 (9th Cir.2002) (holding that a one-month gap between complaint and adverse action was "well within time frames we have held sufficient for a jury to infer discriminatory motive"). Further, simply labeling protected advocacy "unprofessional" or "disruptive" does not constitute a neutral basis for removal. Thus, if TTSD removed Sweet based upon actions that included Sweet's advocacy against violations of the IDEA at that meeting, as she contends, then a jury would be entitled to find TTSD's asserted justification pretextual.

**\*\*2** At the same time, there is a genuine issue of material fact as to whether Petrea Hagen-Gilden knew of Sweet's complaints. Additionally, TTSD presented evidence that its removal request was motivated by complaints of unprofessional behavior that were not necessarily related to any protected activity engaged in by Sweet. TTSD is therefore free to argue on remand that it had a legitimate, nondiscriminatory reason for Sweet's removal unconnected to any protected activity.

The summary judgment in favor of TTSD on the section 504 claim regarding Sweet's removal from her Tigard High School position was in error. For the same reasons, we also hold that summary judgment was inappropriate on Sweet's **\*486** similar claim that TTSD's actions violated the Oregon whistleblower statute, Or.Rev.Stat. § 659.203(1)(b)(A).

II

[2] With respect to NWRESD, however, we affirm summary judgment on the section 504 cause of action. Sweet's claim against NWRESD is based on its discharge of Sweet *after* her removal from Tigard High School. NWRESD points to Sweet's threats against TTSD officials, communicated to Sally Helton, as the neutral basis for discharging her. Having both received a police report and independently questioned Helton, NWRESD officials reasonably believed that Sweet's statements to Helton were true threats, not simply hyperbolic statements. Whether this understanding of Sweet's communication is objectively correct does not matter. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir.2002) ("[I]t is not important whether [the employer's reasons] were *objectively* false.... Rather, courts 'only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.' " (quoting *Johnson v. Nordstrom, Inc.,* 260 F.3d 727, 733 (7th Cir.2001))). As NWRESD's legitimate, nondiscriminatory reason was not pretextual, summary judgment was appropriate. For similar reasons, Sweet's claims against NWRESD under 42 U.S.C. § 1983 also fail as do her claims against NWRESD and its employee Mike Barker under the Oregon whistleblower statute, Or.Rev.Stat. § 659.203(1)(b)(A).

III

[3] Sweet also claims that the actions of TTSD employees Hagen-Gilden and Johnson and NWRESD employee Barker violated 42 U.S.C. § 1983, as they retaliated against Sweet for speech that was protected by the First Amendment. The public employee defendants are entitled to qualified immunity unless (1) they violated the clearly established First Amendment rights of Sweet and (2) their mistake regarding Sweet's First Amendment rights was not reasonable. *See Saucier v. Katz,* 533 U.S. 194, 201, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Speech by a teacher advocating for disabled students is constitutionally protected. *See Settlegoode v. Portland Pub. Schs.,* 371 F.3d 503, 507-08 (9th Cir.2004). The expressive value of such public employee speech, however, must outweigh the administrative interest in avoiding workplace disruption. *See Pickering v. Bd. of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Alpha Energy Savers, Inc. v. Hansen,* 381 F.3d 917, 923 (9th Cir.2004). Unlike circumstances in which this balancing test plainly

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 Fed.Appx. 482

124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135

(Cite as: 124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)))

Page 5

favors one side, see *Settlegoode,* 317 F.3d at 514, the balance of interests in this case is a close question.

**\*\*3** For summary judgment purposes, the facts viewed most favorably to Sweet would permit a jury to find that her First Amendment rights were violated. However, precisely because the First Amendment balance is close, the public employee defendants are entitled to qualified immunity. Sweet's manner of communicating her concerns was in some respects disruptive. Her co-workers complained to supervisors that she was hard to work with. Any mistake by the public employees with regard to Sweet's free speech rights was thus within the "hazy border" between lawful and unlawful conduct. *See Saucier,* 533 U.S. at 206, 121 S.Ct. 2151. Hagen-Gilden, Johnson, and Barker are therefore entitled to qualified immunity.

## IV

**[4]** Sweet further claims that NWRESD failed reasonably to accommodate **\*487** her disability, in violation of the Oregon Disability Discrimination Statute, Or.Rev.Stat. § 659A. 112. The Oregon statute makes it unlawful for an employer to fail to make a reasonable accommodation for a person who "has a physical or mental impairment that substantially limits one or more major life activities." *Id.* at §§ 659A. 100(1)(a), 659A.112. The record, however, does not support Sweet's claim that she needed to be accommodated because she was substantially limited in the major life activity of "walking." She would have to walk just as much were she accorded the opportunities she asserted as possible accommodations as in her TTSD job.

**[5]** Further, with respect to Sweet's claim that she is limited in her ability to work because she cannot undertake an extended commute, Sweet has not shown that she is limited with respect to a "broad range of jobs." *See Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 200, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). As far as the record shows, including her own expert evidence (from Dr. Barkhuizen), there are many jobs available for which Sweet is eligible and which are located within the area in which she can tolerate the commuting distance.

**[6]** Moreover, even if Sweet could prove she was disabled because she was substantially limited in the major life activity of working, the timing of the events in this case precludes a finding that NWRESD failed to make a reasonable accommodation. NWRESD retained Sweet on paid leave while awaiting medical documentation of her disability. That documentation arrived a day after NWRESD had begun to investigate Sweet's alleged threats against TTSD officials. NWRESD thus ended the process of considering alternative employment possibilities only *after* the threats triggered investigatory and disciplinary proceedings. Thus, NWRESD did not fail to accommodate Sweet once it confirmed her medical condition; instead, NWRESD first suspended and then terminated her employment because of the quite separate issue of the threats. We therefore affirm summary judgment on the disability cause of action as well.

## V

Sweet's Oregon common law claims for defamation and invasion of privacy/false light against TTSD are based upon the three e-mails sent to the staff of Tigard High School by principal Kubiaczyk. TTSD's argument that Sweet has waived her right to appeal these claims by failing to object to the Magistrate Judge's Findings and Recommendations lacks merit. This circuit has expressly chosen not to adopt the rule that objections not raised in the district court regarding a Magistrate Judge's conclusions of law are waived. *See Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir.1991). Sweet may therefore raise these claims here.

**\*\*4** **[7]** Nonetheless, summary judgment is appropriate for TTSD on these claims because the e-mails fall under Oregon's qualified privilege. Under Oregon common law, even if a statement is defamatory or a false light invasion of privacy, it is privileged if "(1) it was made to protect the interests of the defendant; (2) it was made to protect the interests of the plaintiff's employer; or (3) it was on a subject of mutual concern to the defendant and the person to whom the statement was made." *Lansford*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 Fed.Appx. 482                                                                                                    Page 6
124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135
(Cite as: 124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)))

*v. Georgetown Manor, Inc.,* 192 Or.App. 261, 84 P.3d 1105, 1111 (Ct.App.2004) (*quoting Affolter v. Baugh Constr. Oregon, Inc.,* 183 Or.App. 198, 51 P.3d 642, 645 (Ct.App.2002)). In this case, the principal was alerting the staff members of *488 Tigard High School because of his potential concern for their safety. Maintaining the safety of Tigard High School employees was in the interest of defendant TTSD. The statements are therefore subject to qualified privilege.

In a qualified privilege case, "[t]he burden of proving an abuse of the qualified privilege ... rests upon the plaintiff." *Lansford,* 84 P.3d at 1111--12 (quoting *Walsh v. Consol. Freightways,* 278 Or. 347, 563 P.2d 1205, 1211 (1977)). To prove an abuse here, Sweet must show that TTSD through Kubiaczyk acted with "actual malice." *See DeLong v. Yu Enters.,* 334 Or. 166, 47 P.3d 8, 10 (2002). Before sending the first e-mail to the staff, Kubiaczyk called together his administrative team and verified the facts concerning the alleged threats with both Hagen-Gilden and Helton, the primary source of information regarding the incidents. He therefore took reasonable steps to ascertain the truth of the information communicated and did not act with "actual malice."

In sum, we hold that there is a genuine issue of material fact with respect to Sweet's claims against TTSD under both the Rehabilitation Act and the Oregon whistleblower statute based only upon her removal from Tigard High School. Summary judgment on these claims is reversed and they are remanded for further consideration consistent with this disposition. We affirm with respect to all other claims. Each party shall bear its own costs.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

124 Fed.Appx. 482, 2005 WL 19531 (9th Cir.(Or.)), 196 Ed. Law Rep. 474, 29 NDLR P 135

Briefs and Other Related Documents (Back to top)

• 2004 WL 545950 (Appellate Brief) Appellant's Reply Brief (Feb. 04, 2004)Original Image of this Document (PDF)

• 2003 WL 23303220 (Appellate Brief) Brief of Appellees Northwest Regional Educational Service District and Mike Barker (Dec. 16, 2003)Original Image of this Document (PDF)

• 2003 WL 23303221 (Appellate Brief) Appellees' School District, Hagen-Gilden, and Johnson's Answering Brief (Dec. 15, 2003)Original Image of this Document (PDF)

• 2003 WL 22768037 (Appellate Brief) Appellant's Brief (Oct. 06, 2003)Original Image of this Document (PDF)

• 03-35455 (Docket)
(May. 30, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.