# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) **E-FILE** |
| capacity | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS SUSSEX COUNTY VOCATIONAL-TECHNICAL SCHOOL DISTRICT'S, SUSSEX COUNTY VOCATIONAL-TECHNICAL SCHOOL DISTRICT BOARD OF EDUCATION'S, AND SANDRA WALLS-CULOTTA'S ANSWER TO COMPLAINT

1. After a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied.

2. Denied as stated. Without prejudice to this denial, it is admitted that the Sussex County Vocational-Technical School District ("the District"), misidentified in the Complaint as the Sussex Technical School District, is a school district organized by the State of Delaware, subject to the control of the State of Delaware. Hereinafter, references in the Complaint to STSD will be treated as if they refer to the District, as identified in this paragraph.

3. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied as stated. The authority of the Sussex County Vocational-Technical School District Board of Education ("the Board"), misidentified in the Complaint as Sussex Technical School District Board of Education, is set forth in 14 *Del. C.* § 1029(b), which speaks for itself. Hereinafter, references in the Complaint to the Sussex

WILDMS 138470v.1

Technical School District Board of Education will be treated as if they refer to the Board, as identified in this paragraph.

4. Denied as stated. Without prejudice to this denial, it is admitted that at all times relevant to the Complaint, defendant Walls-Culotta was the Principal of Sussex County Vocational-Technical High School (the "High School").

5. Denied as stated. Without prejudice to this denial, it is admitted that at all times relevant to the Complaint, Mr. Huber was the Vice Principal at the Sussex County Vocational-Technical School District's high school as well as the Supervisor of Special Education.

6. Admitted

7. Admitted.

8. The first sentence is admitted. With respect to the second sentence, it is admitted that Mr. Huber was Plaintiff's supervisor on October 8, 2001. It is denied that Mr. Huber was Plaintiff's supervisor at all times relevant the Complaint.

9. Denied. Without prejudice to this denial, the memo attached Exhibit 1 speaks for itself.

10. Admitted.

11. Denied as stated. Without prejudice to this denial, it is admitted that Plaintiff asked to be relieved of the Special Education Coordinator position in March of 2003. The memorandum identified as Exhibit 2 speaks for itself.

12. Denied as stated. Without prejudice to this denial, it is admitted that Plaintiff asked to be relieved of the Special Education Coordinator position and that supervision of her School Psychologist position was placed with defendant Walls-Culotta, the Principal at the high school.

WILDMS 138470v.1

13. The first sentence is denied. The allegations of the second sentence are not stated with sufficient particularity to permit a meaningful response and, therefore, after a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied.

14. The allegations of this paragraph are not stated with sufficient particularity to permit a meaningful response and, therefore, after a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied.

15. Denied as stated. Answering Defendants deny that there were any violations of the IDEA.

16. The allegations of this paragraph are not stated with sufficient particularity to permit a meaningful response and, therefore, after a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied.

17. The allegations of this paragraph are not stated with sufficient particularity to permit a meaningful response and, therefore, after a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied.

18. Denied as stated. Without prejudice to this denial, Answering Defendants admit that following Plaintiff's performance review in August of 2003, defendant Walls-Culotta met with Plaintiff to discuss changes in her job description. Answering Defendants further admit that

in January of 2004, Plaintiff was told to report any alleged IDEA violations to either defendant Walls-Culotta or Mr. Huber.

19. Denied as stated. The exhibits referred to speak for themselves.

20. Denied as stated. Without prejudice to this denial, it is admitted that Plaintiff spoke briefly with Charles Mitchell by phone to express concerns about the District. Answering Defendants cannot confirm the date of the conversation.

21. Denied as stated. The exhibits referred to speak for themselves.

22. Denied as stated. To the extent that this allegation asserts that written reprimands were sent in response to the conversation referred to in paragraph 20, it is denied.

23. Denied as stated. The exhibits speak for themselves. With respect to the allegations in this paragraph related to evaluations from previous school districts, after a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied.

24. Denied.

25. After a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of all of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied. It is admitted, however, that the Board voted on April 5, 2004 not to renew Plaintiff's contract, and that a meeting was held to inform Plaintiff about the Board's decision. The third sentence states a legal conclusion to which no reply is necessary. To the extent that a reply is necessary, it is denied as stated.

26. Denied.

27. After a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied. Proximate cause is denied.

28. Denied.

## COUNT I
(The Rehabilitation Act)

29. The responses to paragraphs 1 through 28 are hereby incorporated by reference.

30. Plaintiff's failure to identify any students who were denied a free appropriate education makes it impossible to meaningfully respond to this allegation. Therefore, after a reasonable investigation, Answering Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and so, pursuant to F.R.C.P. 8, they are deemed to be denied. Answering Defendants deny that Plaintiff was terminated because of her efforts to bring the District into compliance with the IDEA. Answering Defendants further deny the allegations that the District failed to comply with the IDEA and discriminated against Plaintiff. Proximate cause is also denied.

## COUNT II
(42 U.S.C. Section 1983 – First Amendment Retaliation)

31. The responses to paragraphs 1 through 30 are hereby incorporated by reference.

32. Denied.

## COUNT III
(Wrongful Termination)

33. The responses to paragraphs 1 through 32 are hereby incorporated by reference.

34. Denied.

## FIRST AFFIRMATIVE DEFENSE

35. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

36. Some or all of Plaintiff's claims are barred by the statute of limitations or repose.

## THIRD AFFIRMATIVE DEFENSE

37. Defendants Sussex Technical School District and the Sussex Technical School District Board of Education are improperly named.

## FOURTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred by the doctrine of sovereign immunity and the Eleventh Amendment.

## SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred by the after-acquired evidence doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff cannot maintain a claim for punitive damages against the school district defendants. In addition, the imposition of punitive damages against Defendants would violate their constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the excessive Fines Clause of the Eighth Amendment to the Constitution of the United States, the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, similar provisions in the Delaware Constitution, and/or the common law, statutes, public policy and court rulings in the State of Delaware.

## EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiff is not entitled to be reinstated to her position or awarded injunctive relief.

## NINTH AFFIRMATIVE DEFENSE

43.  Plaintiff is not entitled to an award of attorneys fees.

WHEREFORE, Answering Defendants seek judgment in their favor on all counts, together with dismissal with prejudice, with costs and attorneys fees assessed against Plaintiff, as well as any other relief that the Court deems equitable and just.

Respectfully submitted,

WHITE AND WILLIAMS LLP

/s/ William L. Doerler
JOHN D. BALAGUER (#2537)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4500
Attorneys for defendants Sussex County
Vocational-Technical School District, Sussex
County Vocational-Technical School District Board
of Education, and Sandra Walls-Culotta

Date:  December 1, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity, and STEVEN HUBER, individually, and | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, William L. Doerler, do hereby certify that on this 1st day of December, 2006, **Defendants Sussex County Vocational-Technical School District's, Sussex County Vocational-Technical School District Board Of Education's, And Sandra Walls-Culotta's Answer To Complaint** was served upon the following via electronic filing and/or regular mail:

Brian F. Dolan, Esquire
Stumpf, Vickers & Sandy, P.A.
8 West Market Street
Georgetown, DE 19947
*Attorney for Plaintiff*

WHITE AND WILLIAMS LLP

   /s/ William L. Doerler
JOHN D. BALAGUER (#2537)
WILLIAM L. DOERLER (#3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
302-467-4500
Attorneys for defendants Sussex County
Vocational-Technical School District, Sussex
County Vocational-Technical School District Board
of Education, and Sandra Walls-Culotta

WILDMS 138470v.1