IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, : | |
|             Plaintiff, : | C. A. No. 05-00194 JJF |
| v. : | |
| SUSSEX TECHNICAL SCHOOL DISTRICT, : | |
| SUSSEX TECHNICAL SCHOOL DISTRICT : | |
| BOARD OF EDUCATION, SANDRA WALLS- : | TRIAL BY JURY OF TWELVE |
| CULOTTA, individually, and in her official : | DEMANDED |
| capacity : | |
| : | E-FILE |
|             Defendants. : | |

## NOTICE OF SERVICE

**PLEASE TAKE NOTICE** that on this 23rd Day of February, 2007, a copy of ***Defendants' Request For Production Of Documents Directed To Plaintiff*** were sent via email and first class mail to the following counsel:

Robin R. Cockey, Esquire
Cockey Brennan & Maloney PC
313 Lemmon Hill Lane
Salisbury, MD 21801
cockey@dmv.com

Brian F. Dolan, Esquire
Stumpf, Vickers & Sandy, P.A.
8 West Market Street
Georgetown, DE 19947
bdolan@svslaw.com

WHITE AND WILLIAMS LLP

By: /s/ James S. Yoder

James S. Yoder (DE No. 2643)
824 N. Market Street, Suite 902
P. O. Box 709
Wilmington, DE 19899-0709
Telephone: (302) 467-4524
Facsimile: (302) 467-4554
E-mail: yoderj@whiteandwilliams.com
*Counsel for Defendants*

WILDMS 141614v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFF**

Pursuant to Fed.R.Civ.P. 33, Defendants Sussex County Vocational-Technical School District, Sussex County Vocational-Technical School District Board of Education, and Sandra Walls-Culotta, (the "Defendants"), by their undersigned attorneys, request that plaintiff respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying.

**INSTRUCTIONS**

1. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed.R.Civ.P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the

    document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

  B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶ 2.A, above, please state the reason for withholding the document.

  3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

  4. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## DEFINITIONS

  Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

  *1.* *Communication*: The term "communication" means the transmittal of information by any means.

  *2.* *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

  *3.* *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed.R.Civ.P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed.R.Civ.P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings",

"recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed.R.Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4.  *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed.R.Civ.P. 7(a).

5.  *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6.  *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.  *You/Your:* The terms "you" or "your" include the person(s) to whom this Request addressed, and all of that person's agents, representatives and attorneys.

8.  The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

9.  If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

*{Intentionally left blank}*

## DOCUMENT REQUESTS

1.  To the extent not previously produced, all documents referred to in your Answers to Interrogatories.

**RESPONSE:**


2.  To the extent not previously produced, all documents identified in your Rule 26 Initial Disclosures.

**RESPONSE:**


3.  All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and any defendant, or anyone known or believed by you to have been acting under the authority of defendants, concerning the occurrence.

**RESPONSE:**


4.  All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures requested by Fed.R.Civ.P. 26 or in connection with any witness identified in your Answers to Defendants' Interrogatories.

**RESPONSE:**

4

5. All documents concerning your claim for damages and/or the methods used to calculate such alleged damages.

**RESPONSE:**

6. All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in F.R.Civ.P. 7(a).

**RESPONSE:**

7. Any statements in your possession, custody or control concerning the allegations made in the Complaint.

**RESPONSE:**

8. Any and all notes, journals, diaries, or calendars created by you or on your behalf regarding any defendant, or regarding the allegations made in the Complaint.

**RESPONSE:**

9. Any and all correspondence, notes or memoranda between you and any defendant.

**RESPONSE:**

10. Any and all e-mails sent to or received by you from any of the following individuals from October 8, 2001, To the present, related in whole or in part any manner to this

lawsuit and/or the allegations contained in the Complaint, including any amendments thereto, and/or any affirmative defenses raised in the Defendants' Answer, including any amendments thereto, and/or related to damages, The individuals are:

    a) Carol Terry;

    b) Shelly Billings ;

    c) Ed Dougherty;

    d) Kate Shockro;

    e) Frank Goehringer;

    f) Carol C. Schreffler, M. Ed.

    g) Sandra Walls-Culotta

    h) Steven Huber

**RESPONSE:**


11.    All documents comprising a report made by any person, firm association or other entity that has conducted any investigation to determine any of the facts pertaining to any issues raised in this case.

**RESPONSE:**


12.    All documents comprising a report made by any person you expect to call as an expert witness on the trial of this case.

**RESPONSE:**

13. All documents relating to any facts or information about the subject matter of any issues in this case furnished by you to any expert you expect to call as an expert witness on the trial of this case.

**RESPONSE:**

14. Your federal and state income tax returns together with all schedules from 2001 to the present.

**RESPONSE:**

15. All hospital records, doctors' summaries and reports, reports concerning any tests performed on or concerning Plaintiff(s), and any other matter in writing prepared by or on behalf of any person trained in the healing arts concerning the Plaintiff(s)' past, present or future emotional/psychological condition insofar as such matters in writing may be in the possession of the Plaintiff(s) or their attorney or available to them upon request by them to any doctor, hospital or other person trained in the healing arts.

**RESPONSE:**

16. Copies of all statements, bills or canceled checks showing the amount charged for services rendered to the Plaintiff(s) or items sold to the Plaintiff (s) in connection with the care of their alleged emotional/psychological injuries.

**RESPONSE:**

17. All documents which reflect items of economic damages claimed by you including but not limited to, loss of employment benefits, loss of income, and diminution future earning capacity.

**RESPONSE:**

18. All documents relating to the alleged violation or noncompliance of any Defendant with the federal statutory law referred to in the Complaint as "IDEA."

**RESPONSE:**

                                    **WHITE AND WILLIAMS LLP**

By: _/s/ James S. Yoder_____
     James S. Yoder (DE No. 2643)
     824 N. Market Street, Suite 902
     P. O. Box 709
     Wilmington, DE 19899-0709
     Telephone:   (302) 467-4524
     Facsimile:    (302) 467-4554
     E-mail: yoderj@whiteandwilliams.com
     *Counsel for Defendants*

WILDMS 141544v.1