# EXHIBIT A

# White and Williams LLP 

*824 N. Market Street, Suite 902*
*P.O. Box 709*
*Wilmington, DE  19899-0709*
*Phone: 302.654.0424*
*Fax: 302.654.0245*

*James S. Yoder*
*Direct Dial: 302.467.4524*
*Direct Fax: 302.467.4554*
*yoderj@whiteandwilliams.com*

October 10, 2007

Jeannette M. Zaimes, M.D.
8967 Middleford Road
Seaford, DE  19973

     RE:     ***Houlihan v. Sussex Technical School District, et al***
                **US District Court for the District of Delaware**
                **C.A. No. 05-00194 JJF**

Dear Zaimes:

     This office represents defendants Sussex Technical School District, *et al.,* in the above referenced law suit.  Enclosed please find the following documents:

- A copy of paralegal Suzanne N. Randall's letter, dated October 2, 2007, with enclosures;
- The sole record produced by your office in response to Ms. Randall's October 2, 2007 letter, (a medication sheet dated September 28, 2007);
- A Notice of Records Deposition, dated October 10, 2007;
- A Subpoena in a Civil Case, dated October 10, 2007.

     It is my understanding that your office has refused the request set forth in Ms. Randall's October 2, 2007 letter to produce any records regarding Ms. Houlihan other than the above referenced medication sheet.  Please be advised that the continued refusal to produce all records in your possession regarding Ms. Houlihan will be in violation of court discovery rules.

     I can appreciate your desire to keep Ms. Houlihan's treatment records confidential.  However, Ms. Houlihan has waived her right to confidentiality with regard to defendants in this case by alleging harm to her mental state as a result of defendants' actions/inaction.  Therefore you are obligated to produce a complete copy of all medical records including therapy notes, progress notes, medication checks, reports and consultations relating to Ms. Houlihan.  These treatment records must be produced directly to the undersigned.

     Furthermore, you have been identified by Ms. Houlihan's counsel as an expert witness in this litigation.  Consequently, you are under an additional obligation as an expert witness to produce any document, (including any written correspondence), received from and/or sent to any person employed by plaintiff's counsel, the law firms of Cockey, Brennan & Maloney, PC. and

Jeannette M. Zaimes, M.D.
October 10, 2007
Page 2

Stumpf, Vickers & Sandy, P.A., or any other lawyer or law firm acting on behalf of Ms. Houlihan that relates to any allegation in the above referenced lawsuit.

Albeit, the expert witness documentation (as opposed to the treatment records) should be sent to plaintiff's counsel. Then plaintiff's counsel will produce these records to me in conformance with counsel's ongoing obligation to update prior discovery responses as additional information comes available. Nevertheless, I am making you aware of my entitlement to the expert witness documentation for your convenience. Ms. Houlihan's counsel is being notified of my demand for the expert witness documentation by copy of this letter and by a separate written demand issued simultaneously herewith.

Your prompt attention to this matter is greatly appreciated.

Sincerely,

WHITE AND WILLIAMS LLP

By: James S. Yoder

JSY/jsy
Enclosures

Heather R. Konyar, Esquire

PHLDMS1 3362883v.1

# White and Williams LLP

W|W

824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

Suzanne N. Randall
Paralegal
Direct Dial: 302.467.4505
Direct Fax: 302.467.4545
randalls@whiteandwilliams.com

October 2, 2007

Records Custodian
Jeannette M. Zaimes, M.D.
8967 Middleford Road
Seaford, DE 19973

RE: Houlihan v. Sussex Technical School District, et al.
C.A. No. 05-00194 JJF

To Whom It May Concern:

This office represents the defendant in a lawsuit for personal injuries filed on behalf of the above-referenced individual. For purposes of the above-referenced litigation, please forward a copy of your **entire** record for the patient as identified in Paragraphs 2 and 3 of the enclosed authorization.

**Please note that the enclosed Authorization to Release Health Information fully complies with the Health Insurance Portability and Accountability Act (HIPAA) requirements for disclosure of protected health information as set forth in 45 CFR §§164.508(a)(2)(i)(C) and 164.508(c).**

For future requests, please keep this authorization on file as required by 45 CFR §164.508(b)(6).

Thank you for your assistance, and please forward requests for prepayment directly to my attention. If you have any questions, I can be reached at (302) 467-4505.

Very truly yours,

WHITE AND WILLIAMS LLP

By: *[signature]*
Suzanne N. Randall
Paralegal

SNR:snr
Enclosure

*Allentown, PA • Berwyn, PA • Cherry Hill, NJ • New York, NY*
*Paramus, NJ • Philadelphia, PA • Pittsburgh, PA • Wilmington, DE*

PHLDMS1 3347669v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF RECORDS DEPOSITION

**PLEASE TAKE NOTICE** that the undersigned attorney will take the records deposition of the records custodian of Dr. Jeanette Zaimes* on October 24, 2007 beginning at 10:00 a.m. in the offices of **WHITE and WILLIAMS LLP**, 824 North Market Street, Suite 902, Wilmington, Delaware 19801 (see attached Exhibit A).

\*       *A subpoena duces tecum has been issued requesting a copy of all documents in your possession regarding Dorothy Houlihan.*

**NOTE:** Please note that personal appearance is waived if the requested records and the affidavit of substitute compliance are received in this office on or before the date of the scheduled deposition

WHITE AND WILLIAMS LLP

BY:  /s/ James S. Yoder
James S. Yoder, Esquire
(Bar No. 2643)
824 N. Market Street, Suite 902
P.O. Box 709

PHLDMS1 3361103v.1

-2-

DATED: October 10, 2007

Wilmington, DE  19899-0709
Phone: 302.467.4524
Attorneys for Defendants Sussex County Vocational-Technical School District, Sussex County Vocational-Technical School District Board of Education, and Sandra Walls-Culotta

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire do hereby certify that on this 10th day of October 2007 two copies of the foregoing **Notice of Records Deposition** were served upon the following by First Class Mail, postage prepaid:

Robin R. Cockey, Esquire
Cockey Brennan & Maloney PC
313 Lemmon Hill Lane
Salisbury, MD  21801
cockey@dmv.com

Brian F. Dolan, Esquire
Stumpf, Vickers & Sandy, P.A.
8 West Market Street
Georgetown, DE  19947
bdolan@svslaw.com

WHITE AND WILLIAMS LLP

BY:  /s/ James S. Yoder
James S. Yoder, Esquire
(Bar No. 2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
Phone: 302.467.4524
Attorneys for Defendants Sussex County Vocational-Technical School District, Sussex County Vocational-Technical School District Board of Education, and Sandra Walls-Culotta

DATED:  October 10, 2007

PHLDMS1 3361103v.1

# United States District Court

DISTRICT OF DELAWARE

| DOROTHY HOULIHAN, Plaintiff | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | |
| SUSSEX TECHNICAL SCHOOL DISTRICT, SUSSEX TECHNICAL SCHOOL DISTRICT BOARD OF EDUCATION, SANDRA WALLS-CULOTTA, individually, and in her official capacity, Defendants. | CASE NUMBER: 05-00194 JJF |

TO:   Jeanette M. Zaimes, M.D.
    8967 Middleford Road
    Seaford, DE 19973

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **For purposes relating to the above-referenced litigation, please produce a COMPLETE COPY OF ALL MEDICAL RECORDS INCLUDING THERAPY NOTES, PROGRESS NOTES, MEDICATION CHECKS, REPORTS AND CONSULTATIONS FOR Dorothy Houlihan.**

| PLACE | DATE AND TIME |
|---|---|
| WHITE AND WILLIAMS, LLP<br>824 MARKET STREET, SUITE 902<br>P.O. BOX 709<br>WILMINGTON, DELAWARE 19899 | **October 24, 2007 at 10:00 a.m.** |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Federal Rules of Civil Procedure 30(b)(6).*

| REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| **JAMES S. YODER, ESQUIRE**<br>**WHITE AND WILLIAMS LLP**<br>**824 MARKET STREET, SUITE 902**<br>**P.O. BOX 709**<br>**WILMINGTON, DELAWARE 19899**<br>**(302)-654-0424** | |
| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>James S. Yoder, Esquire<br>Attorney(s) for Defendants, Sussex County Vocational-Technical School District, Sussex County Vocational-Technical School District Board of Education, and Sandra Walls-Culotta | Date<br>October 10, 2007 |

PHLDMS1 3360160v.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Delaware of that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.