IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) E-FILE |
| capacity. | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO CONTINUE PRETRIAL CONFERENCE AND TO MODIFY SCHEDULING ORDER

Plaintiff, Dorothy Houlihan ("Houlihan") and Defendants Sussex County Vocational-Technical School District, Sussex County Vocational-Technical School District Board of Education, and Sandra Walls-Culotta. (collectively "Sussex Tech") through their undersigned counsel, pursuant to Fed. R. Civ. P. 16(b), and D. Del. LR 16.4, hereby jointly move the Court for to Continue the Pre-Trial Conference set for December 6, 2007 and to Modify the Scheduling Order dated November 16, 2006. In support of its motion, the parties aver as follows:

### FACTS AND PROCEDURAL SETTING

1.  Plaintiff, Dorothy Houlihan, filed a Complaint in the United States District Court for the District of Delaware on April 4, 2005. (D.I. #"1").[1] The Complaint alleged that the defendants discriminated against the plaintiff in violation of the First Amendment of the United

---

[1] The Complaint was later Amended on May 1, 2007. (D.I. #"53"). Defendants were not required to file an Answer to the Amended Complaint.

State Constitution and the Rehabilitation Act, 29 U.S.C. § 794(d), when they retaliated against her by wrongfully terminating her employment contract.

2. On or about June 6, 2005, defendants filed a Motion to Dismiss for Failure to State A Claim or, in the Alternative, Motion for a More Definite Statement. (D.I. #"6").

3. On February 9, 2006, this Court granted Defendants' Motion for A Stay Pending a Decision by the United States Supreme Court in *Garcetti v. Ceballos*, 361 F.3d 1168 (9th Cir. 2004), *cert granted*, 125 S.Ct. 1395 (2005). On that same date, the Court denied defendants' Motion to Dismiss, without prejudice, with leave to renew. (D.I. #"20"). The Supreme Court issued its decision in the *Garcetti* case[2] and, on August 17, 2006, Defendants renewed their Motion to Dismiss. (D.I. #"24").

4. On or about November 16, 2006, the Court entered an Order granting in part and denying in part defendants' Motion to Dismiss. (D.I. #"32").

5. On or about December 1, 2006 Sussex Tech filed an Answer to the Complaint. (D.I. #"33").

6. On or about December 11, 2006 the parties filed a Joint Scheduling Order ("the Scheduling Order") providing in part that Plaintiff's expert report was due by July 30, 2007, and Defendants expert report was due by September 15, 2007. [Sec. 4(e)]. (D.I. #"35").

7. The Scheduling Order provides that expert depositions are to take place within 30 days of receipt of said expert's report unless otherwise agreed in writing by the parties. [Sec. 4(f)].

8. The Scheduling Order provides that an opening brief on a case dispositive motion was to be filed and served on June 1, 2007. [Sec. 7].

---

[2] *See Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006).

PHLDMS1 3746885v.2

9. The Scheduling Order does not provide that leave of court is required to modify its terms.

## **CONTINUANCE OF PRETRIAL CONFERENCE**

10. On or about 8/24/07 the parties filed a Joint motion to continue the September 6, 2007 Pre-Trial Conference which was drafted by plaintiff's counsel and to which the undersigned agreed without substantive revision. (D.I. #"61").

11. Paragraph 6 of the Joint Motion to Continue the September 6, 2007 Pre-Trial Conference, supports the requested relief with a representation that "due to the volume of depositions required...counsel have been unable to meet to discuss the pretrial order, as at this date it is uncertain which witnesses and trial exhibits will be necessary for trial." This situation still remains to be the case.

12. As a byproduct of the recent depositions, both parties have recently marshaled and produced additional documents that were not initially located and/or recognized as relevant.[3]

13. Plaintiff deposition was commenced on August 19, 2007, but was not concluded until November 5, 2007. As explained below, the delays in completing the deposition were prompted by, in part, by the legitimate scheduling needs of plaintiff.

14. To date, transcripts for plaintiff's deposition on November 2, 2007 and November 5, 2007 are not completed.

15. At this point it is still uncertain which witnesses and trial exhibits will be necessary for trial. No trial date has been set.

---

[3] Plaintiff produced an approximately 400 documents on or about October 31, 2007 and Sussex Tech produced approximately 100 documents on November 2, 2007.

## REQUESTED RELIEF

16. The parties are not ready for the December 6, 2007 Pre-Trial Conference and respectfully move for its postponement to a date and time convenient to the Court.

## **AMENDMENT OF PRE-TRIAL SCHEDULING ORDER**

17. The parties further respectfully request that the Scheduling Order be amended to bring it into accord with a rescheduled Pre-Trial Conference date.

18. The Scheduling Order contemplates that depositions would be conducted between the end of written discovery on April 15, 2007 to the dispositive motion cutoff of June 1, 2007. To interpret the Scheduling Order otherwise would compel the parties to file dispositive motions before close of discovery when such motions would not be ripe.

19. The Scheduling Order turned out to be too ambitious for several reasons which did not arise from dilatory conduct of either party or their respective counsel.

20. Plaintiff took eleven depositions. One person was a school board member, nine people worked in the education field within the confines of an academic year. The remaining witness deposed by plaintiff was retired, but lived out of state. Defendants could not compel the attendance of several of these witnesses because they no longer worked at Sussex Tech. The only practical time of the year to take depositions of this many educators was during the summer months.

21. The only deposition taken by Sussex Tech was of plaintiff. Plaintiff's deposition took five days and was for, the most part, conducted after the other witnesses were deposed. Deposing plaintiff last was beneficial to the discovery process because plaintiff attended almost

all of the other depositions and was able to comment on the testimony of the witnesses deposed previously.

22. Plaintiff's deposition was lengthy because there was approximately 2,100-2,300 documents produced by the parties, (the majority authored by or directed to plaintiff). Also, plaintiff testified that she had relevant interactions with many people including, (and significantly in excess of), the eleven people deposed by plaintiff's counsel.

23. At no time was an objection raised that the amount of time taken to depose plaintiff was excessive under the circumstances.

24. As indicated above, fact depositions did not conclude until November 5, 2007. Completion of plaintiff's deposition was delayed, in part, due to a good faith attempt to minimize the impact on plaintiff's employment at a school district after the 2007-2008 academic year had commenced.

## REQUESTED RELIEF

25. The parties seek to amend Section 4(e) of the Scheduling Order to provide that Defendants have 60 days from the date that all transcripts of plaintiff's deposition become available to produce defense expert reports.[4]

26. The parties seek to amend Section 4(f) to provide that any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report or 30 days from counsels' receipt of all plaintiff's deposition transcripts, whichever is later, unless otherwise agreed in writing by the parties.

---

[4] Subject to the availability of a mutually convenient time for defendants' medical expert to conduct an IME of plaintiff.

27.     The parties seek to amend Section 7 of the Scheduling Order should be amended to provide that an opening brief on a case dispositive motion must filed and served on March 1, 2008.

**WHEREFORE,** for the reasons set forth above, the Plaintiff Dorothy Houlihan and Defendants Sussex County Vocational-Technical School District, Sussex County Vocational-Technical School District Board of Education, and Sandra Walls-Culotta jointly move that the Pre-Trial Conference be rescheduled to a time convenient to Court and that the Scheduling Order be amended as submitted in the proposed order.

Dated: November 14, 2007

| STUMPF, VICERS & SANDY, P.A. | WHITE AND WILLIAMS LLP |
|---|---|
| */s/ Brian F. Dolan* <br> Brian F. Dolan, Esquire (DE #3190) <br> 8 West Market Street <br> Georgetown, DE 19947 <br> (302) 856-3561 <br> *Attorney for Plaintiff* | */s/ James S. Yoder* <br> James S. Yoder, (DE #2643) <br> 824 N. Market Street, Suite 902 <br> Wilmington, DE 19899-0709 <br> Tel: (302) 467-4524 <br> Fax:: (302) 467-4554 <br> *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOROTHY HOULIHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-00194 JJF |
| v. | ) |
| | ) |
| SUSSEX TECHNICAL SCHOOL DISTRICT, | ) TRIAL BY JURY OF TWELVE |
| SUSSEX TECHNICAL SCHOOL DISTRICT | ) DEMANDED |
| BOARD OF EDUCATION, SANDRA WALLS- | ) |
| CULOTTA, individually, and in her official | ) **E-FILE** |
| capacity. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, do hereby certify that on this 14th day of November, 2007, two copies of the foregoing **JOINT MOTION TO CONTINUE PRETRIAL CONFERENCE AND TO MODIFY SCHEDULING ORDER** were delivered electronically and via First Class Mail, postage prepaid, upon:

Brian F. Dolan, Esquire
Stumpf, Vickers & Sandy, P.A.
8 West Market Street
Georgetown, DE 19947

Heather R. Konyar, Esquire
Cockey, Brennan and Maloney, P.C.
313 Lemmon Hill Lane
Salisbury, MD 21801

Dated: November 14, 2007          WHITE AND WILLIAMS LLP

By: /s/ *James S. Yoder*
James S. Yoder, (DE ID #2643)
824 N. Market Street, Suite 902
Wilmington, DE 19899-0709
Tel: (302) 467-4524
Fax:: (302) 467-4554
Attorneys for Defendants

PHLDMS1 3748912v.1